**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard R. PHILLIPS,
Defendant-Appellant.**

No. 84-2265.

United States Court of Appeals,
Tenth Circuit.

Oct. 17, 1985.

Scott McLarty, Athens, Ga. (Larry E. Blount, Athens, Ga., and Cecil A. Hartman, Denver, Colo., with him on brief) for defendant-appellant.

Catharine M. Goodwin, Asst. U.S. Atty., for the Dist. of Colo., Denver, Colo. (Robert N. Miller, U.S. Atty., with her on the brief), Denver, Colo., for plaintiff-appellee.

Before McKAY, DOYLE and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

Defendant was convicted in a jury trial of willfully and knowingly failing to file income tax returns for three years. In his defense, he argued that he had not filed because he had sincerely and honestly believed that wages were not income. This good faith misunderstanding defense was significantly limited by the following jury instruction:

A mistake of law must be objectively reasonable to be a defense. If you find that the defendant did not have a *reasonable* ground for his belief, then regardless of the defendant's sincerity of belief, you may find that he did not have a good faith misunderstanding of the requirements of the law.

Record, vol. 1, at 58 (emphasis added).

On appeal, defendant argues that this instruction was erroneous in that subjective belief that filing is not required, regardless of whether reasonably based, negates willfulness. The government argues that the objective standard used in the instruction was appropriate.

We find the First Circuit case of *United States v. Aitken*, 755 F.2d 188 (1st Cir. 1985), to be highly instructive on this issue. In that case, as in the case at hand, the defendant claimed that he sincerely believed wages not to be income. The court found that a subjective, rather than an objective, standard was the appropriate measure of this belief. In support of that finding, the court explicated a number of Supreme Court cases giving rise to an inference that a subjective standard should be employed in assessing "willfulness" in criminal tax prosecutions.

In *United States v. Murdock*, 290 U.S. 389, 396, 54 S.Ct. 223, 226, 78 L.Ed. 381 (1933), the Court found that:

Congress did not intend that a person, by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct.

In *United States v. Pomponio*, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976), the Court considered facts similar to those involved in the case before us. The taxpayers argued that the returns they had filed were not false because they had believed that certain payments to them were loans, rather than dividends, and that certain losses were properly attributable to their partnership, rather than to a corporation. The Court defined willfulness as an "intentional violation of a known legal duty," *id.* at 12, 97 S.Ct. at 23 (quoting *United States v. Bishop*, 412 U.S. 346, 360, 93 S.Ct. 2008,

2017, 36 L.Ed.2d 941 (1973) ), and upheld a jury instruction that if the defendants actually believed as they claimed they should be found not guilty. *See also Sansone v. United States,* 380 U.S. 343, 353, 85 S.Ct. 1004, 1011, 13 L.Ed.2d 882 (1965); *Bishop,* 412 U.S. at 360, 93 S.Ct. at 2017.

The government points to *United States v. Moore,* 627 F.2d 830 (7th Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981), in support of an objective standard. In that case, the defendant claimed that he believed Federal Reserve Notes were not income. In dicta the court concluded that a mistake of law must be objectively reasonable. *Id.* at 833. The defendant's alleged good faith belief was not based upon a misunderstanding of the tax laws, however, as the defendant alleges in the case before us, but, rather, upon the supposed unconstitutionality of the income tax and of Federal Reserve Notes. *Id.*\* Regardless, to the extent *Moore* can be read as requiring that a good faith misunderstanding of the tax laws be objectively reasonable, we decline to follow it.

While the Tenth Circuit has never explicitly held that an objective standard is impermissible in failure to file cases, we have implied that the appropriate standard is a subjective one. In *Haigler v. United States,* 172 F.2d 986 (10th Cir.1949), we overturned a judgment against the defendant because the court had disallowed the introduction of evidence of subjective intent and had instructed the jury that ignorance of the law was no excuse. We noted: "We think it irreconcilably inconsistent to say in one breath that guilty knowledge of the consequences of the act done is the essence of the offense, and in the next breath say that ignorance of the consequences of those acts is no excuse." *Id.* at 989. More recently, in *United States v. Ware,* 608 F.2d 400 (10th Cir.1979), we endorsed an instruction that allowed a good faith misunderstanding defense without requiring that the misunderstanding have a reasonable basis.

With the exception of the Seventh Circuit in *Moore,* no other circuit has approved of an objective standard in failure to file cases. The balance of the circuits that have considered the issue have either implicitly indicated, as have we, that only subjective intent to disobey the filing requirement need be proved, or have explicitly so held. *See United States v. Aitken,* 755 F.2d 188, 191 (1st Cir.1985); *United States v. Burton,* 737 F.2d 439, 443 (5th Cir.1984); *United States v. Kraeger,* 711 F.2d 6, 7 (2d Cir.1983); *United States v. Ingredient Technology Corp.,* 698 F.2d 88, 97 (2d Cir.), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983); *Cooley v. United States,* 501 F.2d 1249, 1253 n. 4 (9th Cir.1974), *cert. denied,* 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); *Mann v. United States,* 319 F.2d 404, 409–10 (5th Cir.1963), *cert. denied,* 375 U.S. 986, 84 S.Ct. 520, 11 L.Ed.2d 474 (1964); *Yarborough v. United States,* 230 F.2d 56, 61 (4th Cir.), *cert. denied,* 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956); *Battjes v. United States,* 172 F.2d 1, 4 (6th Cir.1949).

In view of Congress' express requirement that willful failure to file need be shown in these cases, we decline to impose criminal liability on individuals who in good faith misunderstand the law. These individuals are, of course, to be distinguished from those who understand the obligations imposed upon them by the tax law but disagree with that law or view it as unconstitutional. *See Ware,* 608 F.2d at 407; *Burton,* 737 F.2d at 442. We find that a subjective standard is appropriately applied in assessing a defendant's claimed belief that the law did not require that he file a return. Because the trial court here applied an objective standard, the defendant is entitled to a new trial. For purposes of the new trial, we find no merit to defendant's other claims of error.

The district court's judgment is reversed and the case is remanded for a new trial.

---

\* We note that the Seventh Circuit appears to have vascillated somewhat between an objective and subjective standard. *See Aitken,* 755 F.2d 192 n. 2.