**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jackson Buster WELLS,
Defendant-Appellant.**

**No. 84–2573.**

United States Court of Appeals,
Tenth Circuit.

May 9, 1986.

John S. Newberry, Gladstone, Mo. (Cecil A. Hartman, Denver, Colo., was also on brief), for defendant-appellant.

Catharine M. Goodwin, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., was also on brief), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and BARRETT, Circuit Judge.*

HOLLOWAY, Chief Judge.

Defendant Wells was charged with willfully failing to file income tax returns un-

---

* The Honorable J. Thomas Greene was also on the panel which heard the argument of this appeal. However, subsequent to the argument

Judge Greene recused and does not participate in the disposition of the appeal.

der 26 U.S.C. § 7203 (1982). I R. 1–3. At trial, defense counsel conceded that Wells had not filed returns for the years 1977–1980, but argued that the failure to do so was the result of a mistaken interpretation of the tax laws. I R. 149 (Defendant's requested instruction no. 13); VII R. 58–67 (Defendant's closing argument). The court entered a judgment of conviction pursuant to a jury verdict, and this appeal followed. I R. 214; VII R. 89, 91.

In this appeal, the defendant presses the following grounds for reversal: (1) that an earlier declaration of a mistrial barred retrial under established principles of double jeopardy; (2) that the court's jury instruction on "willfullness" was erroneous; and (3) that the court improperly excluded expert testimony offered by the defense. We reject the double jeopardy contention and hold that the Government may retry the defendant without running afoul of the Double Jeopardy Clause. However, we agree that the jury instruction on willfullness was in error under our recent decision in *United States v. Phillips,* 775 F.2d 262 (10th Cir.1985), and therefore must reverse.

## I

### Double jeopardy

Shortly after the jury was selected and sworn, one of its members informed the courtroom deputy that she would be out of town on business during the next two days. The judge dismissed the juror and instructed the clerk to reconvene any members of the array that were still in the courthouse. IV R. 96–97; V R. 2–3. One such venireman was found who was challenged for cause by the defendant, and that challenge was denied at first. Defendant then exercised a peremptory challenge to that juror. Later, however, the judge ruled that the challenge should be sustained as one for cause. Shortly thereafter, the clerk reconvened six more members of the array. V R. 3, 9–10.

In the meantime, the trial judge discussed the possible alternatives with counsel for the Government and the defense. V R. 4. The Government presented the judge with three options: (1) to proceed with only eleven jurors; (2) to select the twelfth juror from among those veniremen still available; or (3) to declare a mistrial and select twelve new jurors. V R. 8–9, 11. Defense counsel expressed opposition to each alternative and moved for a judgment of acquittal. V R. 10–11. The court denied this motion and declared a mistrial. V R. 11–13. The defendant was subsequently retried and convicted of the same charges.

We hold that no error was committed in allowing the trial to take place after the first proceedings ending in the mistrial, and that the Double Jeopardy Clause does not, by reason of the circumstances underlying the declaration of a mistrial, bar a further trial.

■ When a mistrial is declared over the defendant's objection, as in the instant case, retrial is permissible only upon a proper showing of "manifest necessity." *E.g., United States v. Dinitz,* 424 U.S. 600, 606–07, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976); *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 579, 6 L.Ed. 165 (1824). We find no error in the conclusion of the trial judge that a sufficient showing had been made for a mistrial here since it is well settled that the legitimate unavailability of a juror creates a situation of "manifest necessity" in which retrial is permitted. *See, e.g., Hameed v. Jones,* 750 F.2d 154, 161 (2d Cir.1984) (juror becoming emotionally overwrought during deliberations), *cert. denied,* —— U.S. ——, 105 S.Ct. 2677, 86 L.Ed.2d 695 (1985); *Cherry v. Director, State Board of Corrections,* 635 F.2d 414, 420 (5th Cir.) (juror's mother died during first day of trial), *cert. denied,* 454 U.S. 840, 102 S.Ct. 150, 70 L.Ed.2d 124 (1981).

■ In the unusual circumstances here, where the six veniremen had been excused but were reconvened, the trial judge had discretion to declare a mistrial rather than obtain a juror who had been out of the courtroom, due to the potential for prejudice. *See United States v. Phillips,* 577 F.2d 688, 689 (10th Cir.1978).

## II

### The instruction on "willfullness"

We also hold, however, that the trial court erred in instructing the jury on willfullness. The instruction stated in part:

The defendant's conduct is not willful if he acted through negligence, inadvertence, justifiable excuse, mistake, or due to a good faith misunderstanding of the law....

. . . .

If you find that the defendant did not have a reasonable ground for his belief, then regardless of the defendant's sincerity of belief you may find that he did not have a good faith misunderstanding of the requirements of the law. A mistake of law must be objectively reasonable to be a defense.

VII R. 77–78.

Willfullness is an essential element of an offense under § 7203. In connection with the test of willfullness, we have recently stated in a failure to file case that "we decline to impose criminal liability on individuals who in good faith misunderstand the law. These individuals are, of course, to be distinguished from those who understand the obligations imposed upon them by the tax law but disagree with that law or view it as unconstitutional... We find that a subjective standard is appropriately applied in assessing a defendant's claimed belief that the law did not require that he file a return. Because the trial court applied an objective standard, the defendant is entitled to a new trial." *United States v. Phillips*, 775 F.2d 262, 264 (10th Cir.1985) (following *United States v. Aitken*, 755 F.2d 188 (1st Cir.1985)).

In light of *Phillips*, we hold that the trial court here erred in instructing on the objec-

tively reasonable standard in defining willfullness and must reverse the conviction.[1]

## III

### Conclusion

We need not discuss the remaining appellate argument of the defendant concerning the exclusion of the expert testimony since that issue may be presented in some different context as to the facts and the law on retrial. As noted, we reject the claim of error asserted under the Double Jeopardy Clause and there is no bar to a retrial on that ground. We do hold, however, that there was error in the instruction on willfullness and accordingly the judgment is REVERSED and the case is REMANDED for a new trial in accord with this opinion.

---

1. We note that the court also instructed the jury that the defendant was guilty only if his failure to file a tax return was "voluntary and purposeful and with a specific intent to fail to do what he knew the law requires to be done." VII R. 76. Although this instruction was proper, it was incompatible with the passage discussing reasonable ground for the defendant's belief and that a mistake of law must be "objectively reasonable" to be a defense. Reversal is appropriate under these circumstances because the jury might have followed the erroneous part of the charge. *See Cabana v. Bullock*, — U.S. —, —, n. 2, 106 S.Ct. 689, 695–96, n. 2, 88 L.Ed.2d 704 (1986); *Francis v. Franklin*, — U.S. —, —, 105 S.Ct. 1965, 1975–76, 85 L.Ed.2d 344 (1985).