**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leonard L. PAYNE,**
**Defendant-Appellant.**

**No. 85–2806.**

United States Court of Appeals,
Tenth Circuit.

Aug. 26, 1986.

Jeffrey L. Shrom, Missoula, Mont., for defendant-appellant.

Barry Boughman, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., with him on brief), Denver, Colo., for plaintiff-appellee.

Before BARRETT, TACHA and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Leonard L. Payne was found guilty by a jury on four counts of failure to file income tax returns for the years 1979, 1980, 1981, and 1982, in violation of 26 U.S.C. § 7203. Payne was sentenced to one year imprisonment on the first count, fined $5,000 on the second count, fined an additional $5,000 on the third count and placed on three years probation on the fourth count.

On appeal, Payne urges two grounds for reversal: (1) The trial court's instruction on "good faith misunderstanding" was misleading and improper; (2) the trial court

erroneously allowed the government to introduce evidence showing Payne's gross income for the four years in question, and then, compounding the error, refused to allow Payne to show what his actual tax liability for those years would have been. We are not persuaded and therefore affirm.

The government's evidence showed that Payne's gross income was $84,937.24 in 1979, $101,123.64 in 1980, $97,693.79 in 1981, and $82,610 in 1982. The government also presented evidence that Payne filed returns for each year from 1965 to 1975. In 1976, Payne filed a "5th Amendment" tax return, "objecting" wherever possible in the form. He later filed an amended return for 1976 and paid his tax. However, from 1977 to 1982 Payne filed no return.

Payne testified on his own behalf and stated that he filed no returns for the years 1977 to 1982 because of his belief that the fifth amendment to the United States Constitution excused him from filing any tax return and that the federal tax system violated the thirteenth amendment prohibition against involuntary servitude. It was on this general state of the record that the jury convicted Payne of willfully failing to file returns for 1979 to and through 1982.

Counsel's first ground for reversal concerns the trial court's instruction to the jury regarding "good faith" as a defense in a criminal tax proceeding. Counsel argues that the instruction advised the jury, in effect, if not in so many words, that "good faith," in order to be a valid defense, had to be "reasonable," and that such was therefore at odds with *United States v. Phillips,* 775 F.2d 262 (10th Cir.1985), where we held that a "subjective" standard, rather than an "objective" standard, should be applied in assessing a defendant's belief that the law did not require him to file an income tax return because his wages were not income.

The trial court instructed the jury that Payne's conduct could not be willful if he acted through negligence, inadvertence, justifiable excuse, mistake, or due to a good faith misunderstanding of the law. Counsel has no objection to this. The trial court later in the same instruction advised the jury further that if Payne, in good faith, "believes that he has done all a law requires, he lacks the requisite criminal intent." Counsel has no objection to that. Nor does counsel object to the trial court's additional statement that "disagreement with the law in and of itself does not constitute a good faith misunderstanding of the law."

■ However, counsel does object to that part of the instruction which advised the jury that Payne's "belief that the tax laws violate his constitutional rights does not constitute a good faith misunderstanding of the requirements of the law." We find no error in this regard. In *United States v. Phillips,* 775 F.2d 262, 264 (10th Cir.1985), this court, in declining "to impose criminal liability on individuals who in good faith misunderstood the law," observed that such "individuals are, of course, to be distinguished from those who understand the obligation imposed upon them by the tax law but disagree with that law *or view it as unconstitutional*" (emphasis added). In other words, a person who has a good faith belief that under the tax law he is not required to file any return, is to be distinguished from the person who knows that under the applicable tax law he is required to file a return, but believes, even in good faith, that the law is unconstitutional. In such circumstance, it is not the prerogative of the taxpayer to make a personalized finding of unconstitutionality. In *United States v. Ware,* 608 F.2d 400, 405 (10th Cir.1979), this court stated that "neither a defendant's disagreement with the law, nor his own belief that such law is unconstitutional—no matter how earnestly held—constitutes a defense of good faith misunderstanding or mistake." *See also United States v. Harrold,* 796 F.2d 1275, 1282–83 (10th Cir.1986); *Phillips,* 775 F.2d at 264; *United States v. Burton,* 737 F.2d 439, 442

(5th Cir.1984); *United States v. Grumka*, 728 F.2d 794, 797 (6th Cir.1984).

■ Counsel also objects to the part of the instruction which advised the jury that "if a person acts without reasonable care, or reasonable grounds in the belief that his conduct was lawful, it is for you [the jury] to decide whether he acted in good faith, or whether he willfully intended to violate the law." Counsel argues that such permits the jury to apply an "objective" standard to the "good faith" defense, rather than the "subjective" standard mandated by *Phillips*. We do not agree. This part of the instruction, when read carefully, actually works to the defendant's advantage by advising the jury that even if a defendant's claim of good faith misunderstanding is "unreasonable," the jury may nonetheless still find that the defendant acted in good faith and did not willfully intend to violate the tax law. An instruction containing the same language was upheld in *United States v. Wainwright*, 413 F.2d 796, 802 (10th Cir.1969), *cert. denied*, 396 U.S. 1009, 90 S.Ct. 566, 24 L.Ed.2d 501 (1970), and has been upheld in other circuits. *See, e.g., United States v. McCarty*, 665 F.2d 596, 597–98 (5th Cir.), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1287 (1982); *Cooley v. United States*, 501 F.2d 1249, 1252–53 (9th Cir.1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975).

■ As above stated, the government established at trial that Payne's income for the years in question was well over and above the minimal amount required to trigger the filing requirement. Defense counsel was willing to stipulate to this fact, without going into precise dollar figures, but the government declined the offer and wanted to prove, and did prove, by competent evidence that Payne's gross income for the years in question was very considerably in excess of the minimal amount requiring the filing of a return. No doubt the government felt that Payne's gross income was so great, approaching the $100,000 figure in each of the years, that such fact itself tended to show a "willful" violation of the tax law. The admissibility of evidence of a defendant's gross income to show that his failure to file a tax return was willful is recognized in such cases as *United States v. Green*, 757 F.2d 116, 120 (7th Cir.1985) and *United States v. Gamble*, 607 F.2d 820, 823 (9th Cir.1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1059, 62 L.Ed.2d 781 (1980). And of course an essential element of the crime charged is that the defendant, under the law, was required to file a tax return and did not do so.

■ That the government may show the gross income of a defendant charged with failing to file a tax return does not mean that the defendant can thereafter show that, because of deductions, exemptions, and the like, his actual tax liability would have been minimal. *United States v. Stillhammer*, 706 F.2d 1072, 1075 (10th Cir. 1983); *United States v. Garcia*, 553 F.2d 432, 432 (5th Cir.1977); Fed.R.Evid. 401, 402. This evidence is no defense to the charges and has no relevance to Payne's good faith defense. Whether a tax return must be filed is determined by level of gross income, not the possible exemptions or deductions.

All things considered, while Payne is certainly fixed in his beliefs, and perhaps sincere, he is nonetheless very misguided and must now suffer the consequences.

Judgment affirmed.