**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jackie R. WHITESIDE,
Defendant-Appellant.**

**No. 86–2425
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 21, 1987.

Leonard Davis (Court-appointed), Potter, Guinn, Minton, Roberts & Davis, Michael C. Coker, Keith Dollahite, Tyler, Tex., for defendant-appellant.

Michael L. Paup, Chief, Appellate Sec., Tax Div., Roger M. Olsen, Asst. Atty. Gen., Robert E. Lindsay, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Jackie Ray Whiteside, was charged with three counts of willful failure to file individual federal income tax returns for the years 1981 through 1983, in violation of 26 U.S.C. § 7203. He is one of a number of tax protesters who undertook to make the wholly fallacious claim that wages are not taxable income. After a jury trial Whiteside was convicted on Counts II and III, the willful failure to file income tax returns for tax years 1982 and 1983. A mistrial was declared as to Count I because the jury could not reach a verdict. Whiteside was sentenced to consecutive one-year terms of imprisonment on each of Counts II and III. He filed a timely notice of appeal.

## I.

Appellant contends that the district court erred in admitting government exhibits consisting of a tax protest flier, appellant's W-4 form dated April 6, 1984, and his W-4 form dated May 10, 1984. He argues, first, that the government violated Fed.R. Crim.P. 16(a)(1)(C) by not producing these exhibits prior to the day before trial. Second, he claims that the district court should have granted his motion for a continuance to obtain evidence to counter the material in the exhibits. Third, he argues that the exhibits were not properly admitted during cross-examination and rebuttal because they did not relate to issues raised on direct examination of appellant and because the W-4 forms were inadmissible as containing evidence of other crimes.

■ As to the first asserted ground for inadmissibility of the exhibits, Fed.R. Crim.P. 16(a)(1) provides as follows:

(C) Documents and Tangible Objects. Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies

or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

In order for appellant to prevail under Rule 16 he must make a prima facie showing of the materiality of the evidence; *i.e.*, he must show that the pretrial disclosure of the disputed evidence would have enabled him significantly to alter the quantum of proof in his favor. *United States v. Buckley,* 586 F.2d 498, 506 (5th Cir.1978), *cert. denied,* 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979), quoting from *United States v. Ross,* 511 F.2d 757, 762 (5th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975).

■ Appellant has made no such showing here. He has alleged only one action that he would have taken had he known about the three exhibits earlier. That action would have been to locate and call witnesses to testify that he had not distributed the flier, which announced that a speaker would be coming to the area to discuss, *inter alia,* how to build a defense against willfulness upon failure to pay income taxes and how to file a Fifth Amendment tax return.

There was also other evidence that appellant had willfully refused to file and that he did not merely erroneously believe that he was under no obligation to file. Appellant filed income tax returns each year until 1977, but failed to file any for the years 1978–1984, although appellant earned sufficient money to require him to file a return. Appellant's employers provided him with wage and tax statements, forms W–2, reflecting the amount he had been paid. From 1981 through 1983 defendant filed forms W–4 in which he claimed he was exempt from withholding. Appellant continued to file forms W–4 claiming that he was exempt from withholding even after he received three letters from the Internal Revenue Service questioning his exempt

status. One of the letters specifically informed him that he was no longer entitled to claim exempt status because he had not shown the IRS that he was entitled to exempt status.

In 1981, appellant filed a civil suit against one of his employers when the employer began to withhold taxes from his payroll check contrary to his directions. The employer informed Whiteside that the IRS had instructed the withholding. The employer showed appellant the letter and pamphlet sent by the IRS explaining the W–4 form with instructions to withhold taxes. The suit was dismissed, and in its order the court specifically stated that defendant's taxes were properly withheld.

Under all these circumstances, calling a witness to say that Whiteside had nothing to do with the flier mentioning how to build a defense against willfulness would not have significantly altered the quantum of proof in his favor. Thus, admission of the flier did not violate Rule 16. *Buckley,* 586 F.2d at 506.

■ Appellant's second argument is that the district court abused its discretion in not granting him a continuance to gather evidence to counter the exhibits. An abuse of discretion has not occurred unless the defendant was seriously prejudiced by the denial of the continuance. *United States v. Khan,* 728 F.2d 676, 681 (5th Cir.1984). Since the continuance was requested for trial preparation, appellant must show that the court acted with "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. Terrell,* 754 F.2d 1139, 1149 (5th Cir.), (quoting *Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983)), *cert. denied,* — U.S. ——, 105 S.Ct. 3505, 87 L.Ed.2d 635 (1985). Such was not the case here. The district court did not act arbitrarily and unreasonably in denying a continuance to allow the appellant to locate witnesses to testify that the appellant had not passed out the pamphlet, in view of the fact that this was only a small part of the evidence that ap-

pellant had willfully failed to file a tax return.

Finally, appellant argues that the exhibits were inadmissible on cross-examination and in rebuttal because they did not pertain to matters he had raised during direct examination and because the W–4 forms were evidence of other criminal offenses. On direct, appellant testified that based on his study of the law, he believed that he was not required to file a tax return. The flier, which stated that the speaker would discuss how to build a defense against willfulness, tended to call into question the sincerity of appellant's belief that he was not required to file a return. The W–4 forms also were relevant to appellant's good faith in refusing to file tax returns. He filed these forms, which stated that he was exempt from federal income tax withholding, three weeks after he had been told by a federal court in Utah that he was required to pay federal income taxes. This court decision further undermined his assertion that the only reason he had not filed his returns was that he believed that he was not required by law to do so.

The appellant also seems to argue that the W–4 forms were inadmissible under Fed.R.Evid. 404(b). Under Fed.R.Evid. 404(b) evidence of other crimes, wrongs, or acts is admissible to prove such things as motive, intent, or knowledge. The admissibility of extrinsic evidence pursuant to Fed.R.Evid. 404(b) is determined in light of the two-part test established by this Court: (1) it must be determined that the extrinsic offense evidence is relevant to an issue other than defendant's character, and (2) the evidence must possess probative value that is not substantially outweighed by its undue prejudice. *United States v. Merkt,* 794 F.2d 950, 962 (5th Cir.1986). A trial court's decision to admit extrinsic evidence of other offenses will be rejected only for an abuse of discretion. *Id.* Appellant put his intent in dispute with testimony that he held his beliefs in good faith and believed that parts of the law did not apply to him as a wage earner. Consequently, the W–4

forms were admitted to show intent, state of mind, and willfulness. In light of the other substantial evidence of willfulness its admission did not unduly prejudice appellant. There was no abuse of discretion here. Even if the W–4s were improperly admitted, their admission was harmless in light of the other substantial evidence.

## II.

Appellant next contends that the district court erred in refusing to admit in evidence income tax literature, on which appellant based his no-tax-liability belief, and also evidence of his request for an administrative hearing with the IRS. Appellant claims that his primary defense was that his failure to file income tax returns was a result of his good faith misunderstanding of the law, and he attempted to show this by proffering income tax literature which he had studied over a period of years. Appellant lists in his brief the literature he intended to introduce. The proposed evidence includes books, several tax protest articles, and a congressional report. The district court considered the material and ruled that the defendant would be permitted to testify as to the basis of his belief, but that a page-by-page discussion of the items would not be allowed. The district court also stated that the articles could be admitted with an instruction to the jury that the conclusions reached therein were contrary to the law. The appellant then withdrew his offer from the jury in the light of the court's indication of the instructions it would give.

With respect to the request for an IRS administrative hearing, the district court stated that the defendant's request for an administrative hearing was admissible, but that if Whiteside testified as to the contents of the request the court would instruct the jury that the request itself, as the justification for defendant's alleged belief that he was not required to file income tax returns, had no basis in law. Defense counsel stated that he would have to object to any such instruction. At trial appellant did not testify about his belief concerning

the legal effect or the contents of the administrative hearing request. Thus, the district court never gave the cautionary instruction.

Pursuant to Fed.R.Evid. 103(a) error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right is affected. In this case the court ruled that appellant could testify that he made the request, and the court did not prohibit him from testifying concerning its contents. Thus, no substantial right of the appellant was affected by the exclusion of the request. *See United States v. Grote,* 632 F.2d 387, 390 (5th Cir.1980), *cert. denied,* 454 U.S. 819, 102 S.Ct. 98, 70 L.Ed.2d 88 (1981).

■ Appellant argues that all the materials he proffered as well as his belief about the administrative hearing request should have been admitted without any limiting instruction. He contends that the proposed instructions constituted either (1) a comment on the ultimate factual issue in the case which was defendant's good faith belief that he was not required to file income tax returns; or (2) an expression of opinion on whether defendant's testimony was worthy or unworthy of belief. The district court did not abuse its discretion in refusing to admit this evidence without a cautionary instruction that the conclusions reached in the materials were contrary to the law. The proposed instruction would merely have informed the jury that appellant's beliefs and those reflected in the documents were not the law. The instruction would not control the ultimate factual issue in the case, which was whether appellant actually held his erroneous views of the law. It also was not a comment on appellant's credibility, but was only a comment on the accuracy of his supposed understanding of the law. In addition, evidence that others shared defendant's misunderstanding of the law, while relevant to the credibility of that defense, is not automatically admissible. The judge must weigh the marginal contribution against potential prejudice, keeping in mind that the judge remains the jury's source of information regarding the law. *See United States v. Burton,* 737 F.2d 439, 443 (5th Cir.1984).

*United States v. Malquist,* 791 F.2d 1399, 1402 (9th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 445, 93 L.Ed.2d 394 (1986), is a similar case. To support his good faith belief, the defendant proffered as evidence copies of the Constitution, Declaration of Independence, portions of a Ninth Circuit opinion, a trial transcript in another person's prosecution, and six tax protester articles. The Court found no abuse of discretion in the refusal to admit those documents because the court was not obligated to admit legal materials as evidence and the defendant had testified on his reliance upon the documents in support of his defense. *See also United States v. Anderson,* 577 F.2d 258, 260 (5th Cir.1978). Since the court could have refused to admit the documents altogether, it would not be an abuse of discretion to admit them with a cautionary instruction designed to avoid confusing the jurors about the state of the law.

### III.

Appellant finally contends that the district court erred in giving the following instruction to the jury over his objection: "But if a person acts without reasonable ground for belief that his conduct is lawful, it is for you to decide whether he acted in good faith or whether he willfully intended to fail to file a tax return." Appellant argues that the district court's instruction improperly directed the jury to apply an objective test to determine the willfulness of his conduct. In support of this contention, he cites *United States v. Burton,* 737 F.2d 439 (5th Cir.1984), in addition to cases from other circuits. His reliance is misplaced. In *Burton,* we reviewed an instruction to the jury that "[a] good faith belief that wages are not income is not a defense in this case." *Id.* at 441. This Court found the instruction erroneous because the instruction took away Burton's defense of an alleged good faith belief that wages are not taxable and because such an

instruction supplanted the jury's role as factfinder with respect to defendant's state of mind. *Id.*

The following instruction on willfulness given in this case clearly shows that the district court employed a subjective, not an objective, standard.

> The defendant's conduct is not willful if he acted through negligence, inadvertence, justifiable excuse, mistake, or due to his good faith misunderstanding of the requirements of the law. If a person believes in good faith that he has done all that the law requires, he cannot be guilty of the criminal intent to willfully fail to file a tax return. But, if a person acts without reasonable ground for belief that his conduct is lawful, it is for you to decide whether he acted in good faith or whether he willfully intended to fail to file a tax return.
>
> A defendant's conduct is not willful, if he had a genuine misunderstanding of the tax laws. On the other hand, one who believes, even in good faith, that the income tax laws are unconstitutional is a willful violator of the law if he understands the duties the law imposes upon him. A disagreement with the law is not a defense. In considering the defendant's good faith misunderstanding of the law, you must make your decision based upon what the defendant believed in his own mind, and not upon what you or someone else believe or think the defendant ought to believe. The test is whether the defendant himself believed in good faith that he was not required to file a federal income tax return. If he did, then you must find him not guilty of the offense charged.

 Thus, unlike the district court in *Burton,* the district court in this case clearly instructed the jury that a person has not acted willfully if he believes in good faith that he has done all that the law requires or has a genuine misunderstanding of the law. The court's instruction given in this case has been repeatedly approved and held to set out a subjective intent standard. *See United States v. Payne,* 800 F.2d 227, 229

(10th Cir.1986); *United States v. Aitken,* 755 F.2d 188, 192 (1st Cir.1985); *United States v. McCarty,* 665 F.2d 596, 597 n. 2 (5th Cir.), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1287 (1982). The portion of the instruction which appellant challenges is virtually identical to a pattern instruction in Devitt & Blackmar, FEDERAL JURY PRACTICE AND INSTRUCTIONS, Section 35.12 (3d ed. 1977).

We find no reversible error in the trial of this case.

AFFIRMED.