837 F.2d 477
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Donald A. BOLING, Defendant-Appellant.
 No. 87-5051.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1988.
 
 Before BOYCE F. MARTIN, Jr., and RALPH B. GUY, Jr., Circuit Judges; and JOHNSTONE,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Donald A. Boling appeals his conviction for willfully failing to file income tax returns as required by 26 U.S.C. Sec. 7203.
 
 
 2
 During 1982 and 1983, Boling was employed by the Tennessee Valley Authority. In 1972, he earned $30,885.03, and, in 1983, he earned $35,241.44. Although Boling filed proper income tax returns for 1977 through 1980, he reported that he earned no wages in 1981, despite having earned $34,173.95. Then, in 1982 and 1983, Boling did not file income tax returns.
 
 
 3
 Beginning in December 1981, Boling attempted to prevent income tax withholding by submitting W-4 forms on which he claimed he was exempt from withholding. As a result, no tax was withheld in 1982. Boling based this claim on the contention that "wages" did not constitute income. The Internal Revenue Service notified Boling that his position was invalid, and the Internal Revenue Service disallowed Boling's exemption claim and assessed a penalty for filing a false form. Boling subsequently paid the penalty. The Internal Revenue Service also audited his 1981 income tax return, and Boling received a "30-day letter" notifying him of the proposed audit findings. This letter, which advised Boling that he owed $11,409 in taxes for 1981, clearly explained that wages were taxable as income.
 
 
 4
 Boling was indicted on two counts of willful failure to file income tax returns. The jury returned guilty verdicts on both counts.
 
 
 5
 In this appeal, Boling challenges the trial court's jury instructions. He contends that the instructions regarding the willfulness element improperly permitted the jury to apply an "objective reasonableness standard."
 
 
 6
 THis argument is without merit. The trial court's jury instructions included the following statements:
 
 
 7
 If a person in good faith believes that he has done all the law requires, he cannot be guilty of the criminal intent to willfully fail to file income tax returns. But if a person acts without reasonable ground for the belief that his conduct is lawful, it is for the jury to decide whether he acted in good faith or whether he willfully intended to fail to file a tax return....
 
 
 8
 The more unreasonable the defendant's alleged belief that he did not have to file a tax return, the less likely he, in fact, held that belief. Stating this obvious point does not eliminate the requirement that, in order to convict, the jury find the defendant knew he was legally required to file.
 
 
 9
 These instructions clearly set forth a subjective intent standard. See United States v. Whiteside, 810 F.2d 1306 (5th Cir.1987). The language to which Boling objects merely provided guidance to the jury in determining his actual state of mind. United States v. Turano, 802 F.2d 10 (1st Cir.1986). The court's "conscious avoidance" instruction was similarly unobjectionable.
 
 
 10
 Boling also contends that he was improperly found guilty of failing to file income tax returns because the W-2 forms filed by his employer constituted income tax returns. Boling relies on 26 C.F.R. 601.17(a) (1949), which provided that an employee could file a W-2 form in lieu of an income tax return.
 
 
 11
 This argument is also without merit. The regulation on which Boling relies was superseded by the current Part 601, which was first published in the Federal Register on June 30, 1955. (20 F.R. 4621). Nothing in Part 601, or any other part of the current Internal Revenue regulations, permits the filing of a W-2 form by itself as an individual's income tax return. Moreover, even if the outdated regulation were still in force, it would not mandate Boling's acquittal. The antiquated regulation provided that the original W-2 form, which the employee receives, may serve as a substitute for an income tax return. That regulation, therefore, implicitly required an employee to file the W-2 form. Here, Boling apparently did not file his W-2 form. Rather, the evidence suggests that his employer filed the employer's copy with the government. See United States v. Birkenstock, 823 F.2d 1026 (7th Cir.1987).
 
 
 12
 Boling's third and final argument is patently frivolous. He contends that the trial court lacked "subject matter jurisdiction in persona" because he is not a "person" as defined in 26 U.S.C. Sec. 7343. Nothing in section 7343 limits the ordinary meaning of "person" so as to exclude individuals such as Boling. Moreover, this argument does not speak to the trial court's jurisdiction. The court has subject matter jurisdiction over criminal tax offenses under 18 U.S.C. Sec. 3231, and the court had personal jurisdiction over Boling because he was in its custody. Ford v. United States, 273 U.S. 593 (1927).
 
 
 13
 Accordingly, Boling's convictions are hereby affirmed.
 
 
 
 *
 Chief Judge Edward H. Johnstone, U.S. District Court, Western District of Kentucky, sitting by designation