932 F.2d 975
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mike D. CAPPS, Defendant-Appellant.
 No. 90-2153.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After a jury trial before a magistrate judge, defendant Michael D. Capps was convicted of three counts of willful failure to file an income tax return, in violation of 26 U.S.C. Sec. 7203.[1] His conviction was affirmed by the district court, and he appealed to this court, bringing three claims of error: (1) prejudicial delay in prosecution; (2) insufficient evidence to support the element of willfulness; and (3) improper remarks by the prosecuting attorney in closing argument. We affirm.[2]
 
 
 2
 Capps was indicted for failing to file returns for 1980, 1981, and 1982. The information was filed within the applicable statute of limitations on August 29, 1985. Capps was arrested under a bench warrant in January 1989. Capps first argues that the delays between the completion of each statutory breach and both the filing of the information and his actual arrest were unreasonable and prejudicial. We review the district court decision that Capps was not prejudiced by undue delay under an abuse of discretion standard. United States v. Comosona, 848 F.2d 1110, 1113 (10th Cir.1988).
 
 
 3
 Initially, the district court determined that the government adequately explained the post-indictment delay. The court found that Capps knew that the IRS was looking for him and that he was "very selective about the mail he accepted." United States v. Capps, No. CR-85-186-SC, Memorandum Opinion and Order at 3 (D.N.M. July 12, 1989) (hereinafter District Court Order). The court also found that the government issued a warrant, entered it into two national law enforcement reporting systems, and turned the warrant over to the United States Marshal's office. Id.
 
 
 4
 Examining the pre-indictment period, the court, citing United States v. Lovasco, 431 U.S. 783, 790 (1977), and United States v. Marion, 404 U.S. 307, 324 (1971), found that Capps' conclusory statements about his loss of memory and destroyed documents failed to show actual prejudice. Accordingly, the district court held that the pre-indictment delay did not violate due process. District Court Order at 5-6.
 
 
 5
 After examining the record, we hold that the district court did not err in rejecting Capps' prejudice claim. His entire defense was based on the theory that wages earned with one's own hands are not taxable income, a theory he extrapolated from childhood conversations with his father. He made no showing that there was or could be any evidence beyond his own testimony about this belief and its roots.[3] In addition, he did not describe specific lost documents, lost witnesses, or areas of failed memory which could assist his defense. Under these circumstances, the delay occasioned by the government's lengthy pauses in investigation and follow-through of this case cannot be construed as prejudicial.
 
 
 6
 Capps next argues that the government presented insufficient evidence to prove willfulness.[4] Capps contends that an honest but mistaken belief in the application of the law, however far-fetched, negates the essential element of willfulness, as judged from a subjective standard. See United States v. Phillips, 775 F.2d 262, 264 (10th Cir.1985). The district court held that there was sufficient evidence that Capps' failure to file was willful. District Court Order at 6. We agree.
 
 
 7
 In response to a claim of insufficient evidence, we review the entire record, including both direct and circumstantial evidence and the reasonable inferences drawn therefrom, taken in the light most favorable to the government, to determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Bowie, 892 F.2d 1494, 1497 (10th Cir.1990). "In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission,...." Cheek v. United States, 111 S.Ct. 604, 611 (1991).
 
 
 8
 Capps claims that his good faith belief that wages earned with one's own hands were not taxable income negates the element of willfulness. The government, however, presented considerable evidence at trial belying his claim--evidence the jury apparently found more credible than Capps' own testimony. In addition, whether he held a good faith belief that his income was exempt from taxation is irrelevant to whether he filed a return. To prevail, he would have had to show that he had a good faith belief not only that his income was exempt from taxation, but also that the exemption relieved him of the responsibility even to file a return. He made no such showing. The district court did not err in finding that there was sufficient evidence to support the charge of willful failure to file tax returns in 1980, 1981, and 1982.
 
 
 9
 Finally, Capps claims that prosecutorial misconduct during closing argument warrants a mistrial. On appeal we will not overturn the verdict on the basis of inappropriate remarks in closing argument "unless the misconduct 'was enough to influence the jury to render a conviction on grounds beyond the admissible evidence presented.' " United States v. Arbizo, 833 F.2d 244, 248 (10th Cir.1987) (citations omitted); see Darden v. Wainwright, 477 U.S. 168, 181 (1986) ("The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' ") (citations omitted). In Arbizo, the court determined that the prosecutor's comments were not prejudicial, finding that they were singular and isolated, the government presented substantial independent evidence of guilt, and that the court instructed the jury that the comments were not to be considered as evidence. Arbizo, 833 F.2d at 248.
 
 
 10
 In the instant case, during closing argument the prosecuting attorney stated, "I think that is very telling evidence about what he really believed and what he really knew the law to be." II R. 199. The court overruled Capps' objection. Shortly thereafter, the prosecutor began another statement with the phrase, "I think ...," id. at 200, but was interrupted by another objection. The court responded, "I believe it is [proper argument]. I have cautioned the jury several times that her remarks are not evidence and is [sic] not to be considered as evidence. It is argument and your objection is overruled." Id. at 200-01. The prosecutor resumed by saying:
 
 
 11
 We would also call to the jury's attention the fact that EPIC, in the incident with EPIC [an employer who fired Capps for refusing to submit a W-4 form], I think--excuse me. If [counsel for the defendant] objects to that, I really have no problem with that. I am trying to think to give you the best thoughts, but I have no quibble with the fact that this is your decision and what I think is really not what you have to decide. What I think is of little importance. It is what you decide and what you think after you have heard and looked at all the evidence.
 
 
 12
 Id. at 201.
 
 
 13
 While acknowledging that expression of a prosecutor's personal opinion about a case is improper, citing United States v. Young, 470 U.S. 1, 18-19 (1985), the district court found that the misconduct complained of was harmless error. The court concluded that "the trial was fair overall and the isolated statement of opinion, while improper, did not create reversible error." District Court Order at 7. After reviewing the record with regard to the factors relied upon in Arbizo, we agree. The prosecutor's isolated improper remark was insignificant when placed in the context of her entire closing argument and in the context of the entire proceeding.
 
 
 14
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 26 U.S.C. Sec. 7203 (1982) provided in pertinent part:
 Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return ..., keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor....
 
 
 [2]
 The parties requested that this matter be submitted on the briefs. After examining the briefs and appellate record, it was determined by the court that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case was therefore ordered submitted without oral argument
 
 
 [3]
 On appeal, Capps argues that had he known he would be criminally charged he would have saved and safeguarded literature from a tax protest organization and other non-specified tax documents. At trial, however, he disavowed belief in the theories of the organization, testifying that he only subscribed to its legal defense fund. In addition, he offered no testimony or other evidence about which miscellaneous tax documents he would have saved, or how any such documents would support his defense
 
 
 [4]
 Willfulness is defined as the voluntary and intentional violation of a known legal duty, perpetrated in bad faith or with evil motive. United States v. Bishop, 412 U.S. 346, 360 (1973)