951 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony KEAN, Defendant-Appellant.
 No. 91-1165.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1991.
 
 Before BOYCE F. MARTIN, JR. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Tony Kean appeals his jury conviction of five counts of bank robbery committed in southeastern Michigan between October 11, 1989 and January 31, 1990, claiming ineffective assistance of counsel, evidentiary errors, and improper jury instructions. For the reasons that follow, we refuse to address the merits of Kean's ineffective-assistance-of-counsel claim and affirm Kean's conviction to the extent he challenges the court's evidentiary rulings and jury instructions.
 
 
 2
 * Kean was initially linked to the five robberies at issue in the present appeal after being nearly apprehended by local police officers while committing a bank robbery on January 31, 1990. After the issuance of an arrest warrant for the January 31 robbery, FBI agents arrested Kean in early March 1990. Kean subsequently made a voluntary statement to law enforcement officers in which he confessed to all five bank robberies.[1] On March 14, 1990, Kean appeared before a magistrate on a complaint charging him with bank robbery in violation of 18 U.S.C. § 2113(a) (1988). A federal grand jury subsequently indicted Kean on April 11, 1990, charging him with five counts of bank robbery. Prior to trial, the district court granted the Federal Defender Office's motion to withdraw as counsel for Kean, and on October 22, 1990, Lawrence C. John entered the case as counsel on Kean's behalf.
 
 
 3
 The case proceeded to trial on November 23, 1990. As part of its investigation, FBI agents had presented tellers at the five banks alleged to have been robbed by Kean with photographic arrays that included Kean's picture. Each teller identified Kean as the robber. The tellers also testified at trial and again identified Kean as the person who had robbed them. In addition, the prosecution offered into evidence the fruits of a search of Kean's home, which included several articles of clothing, a handbag, and a photograph of Kean. After a three-day trial, the jury returned guilty verdicts on all five counts of the indictment.
 
 
 4
 Prior to sentencing, Kean dismissed Attorney John and retained Benjamin J. White as counsel. On January 31, 1991, the court sentenced Kean to 109 months of imprisonment. Kean filed a timely notice of appeal on February 5, 1991.
 
 
 5
 On February 11, 1991, Kean filed a motion requesting release on bond pending this appeal. On February 14, 1991, Kean filed a second motion entitled "Motion For New Trial Pending The Outcome Of An Evidentiary Hearing Relative To The Issue Of Ineffective Assistance Of Counsel." J.A. at 32. This motion requested relief pursuant to 28 U.S.C. § 2255,[2] the federal habeas corpus statute. The district court denied both motions.
 
 
 6
 On March 4, 1991, Kean filed with this court an appeal of the district court's denial of his motion for bond pending appeal. While the appeal was entered pursuant to § 2255, it sought relief only from the district court's denial of bond pending appeal--not from the court's denial of his earlier § 2255 motion. In an order entered April 8, 1991, we denied the motion.
 
 II
 
 7
 Kean's primary contention in the present appeal is that his counsel at trial rendered ineffective assistance in violation of his Sixth Amendment rights. Our review of the record, however, convinces us that this claim is not sufficiently ripe for consideration in its current posture.
 
 
 8
 As a general rule, we will not address the merits of an ineffective-assistance-of-counsel claim raised for the first time on direct appeal. United States v. Gonzales, 929 F.2d 213, 215 (6th Cir.1991); United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (refusing to address ineffective-assistance-of-counsel claim raised for first time on appeal and suggesting that claim be brought in post-conviction action under 28 U.S.C. § 2255), cert. denied, 459 U.S. 1074 (1982). We will make an exception to this rule only where we find the record adequate to assess the merits of the defendant's allegations. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990).
 
 
 9
 Kean's present appeal is a direct one. Although Kean previously raised a claim for ineffective assistance of counsel in a habeas corpus motion under 28 U.S.C. § 2255, that motion was subsequently denied by the district court and was not appealed by Kean. We do not believe Kean is entitled to evade our proscription of ineffectiveness claims raised for the first time on direct appeal simply by asking us to consider the denial of his habeas corpus motion within the context of a direct appeal.
 
 
 10
 Our careful review of the briefs and materials submitted by counsel also convinces us that the record is far too threadbare to assess adequately, let alone sustain, Kean's ineffective-assistance-of-counsel claim. With respect to each of the alleged errors of counsel on which this claim rests, Kean fails to uncover anything in the record suggesting either that his attorney's representation was constitutionally deficient or that these alleged deficiencies somehow deprived him of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). We do not hereby imply that this claim is wholly without merit, only that the current state of the record precludes a meaningful assessment of the claim at this time.
 
 III
 
 11
 Kean also contends that the district court improperly admitted into evidence a photograph seized by the FBI from his house, arguing that its prejudicial effect outweighed its probative value. Kean did not object to the admission of this evidence at trial.
 
 
 12
 Where a party fails to object to the introduction of evidence at trial, our review is limited to determining whether the admission constituted plain error and affected a party's substantial rights. Finch v. Monumental Life Ins. Co., 820 F.2d 1426, 1432 (6th Cir.1987). "A court's power to review a claim of error under the plain error doctrine is discretionary and should be exercised only in those situations in which the failure to do so would result in a manifest miscarriage of justice." Id. (quoting United States v. Grosso, 358 F.2d 154, 158 (3rd Cir.1966), rev'd on other grounds, 390 U.S. 62 (1968)).
 
 
 13
 Although we were not given the benefit of a reproduction of the challenged photograph for our review, the parties substantially agree that it shows Kean wearing a long black coat and white cap, standing next to an unidentified woman. Protruding from the waistband of Kean's pants is what appears to be the butt of a pistol. Through a somewhat tenuous chain of inference, Kean asserts that the photo effectively constituted evidence of a past crime and was therefore prejudicial and inadmissible. This contention is without merit. The government offered the photograph into evidence to prove Kean's identity, and it was clearly relevant given that a teller at one bank testified that the man who robbed the bank wore a long black coat and because a bank surveillance photograph taken during one of the robberies depicted a person wearing a long black coat. Furthermore, given our deferential standard of review, we do not believe that the prejudicial effect of the photograph so outweighed its probative value as to constitute a manifest miscarriage of justice.
 
 IV
 
 14
 Kean next argues that the court erred in refusing to permit an expert to testify as to the effects of crack cocaine. In United States v. Green, 548 F.2d 1261, 1268 (6th Cir.1977), we held that expert testimony is admissible under Federal Rule of Evidence 702 where the party proffers: (1) a qualified expert; (2) testifying on a proper subject; (3) in conformity with a generally accepted explanatory theory; (4) the probative value of which outweighs its prejudicial effect. Whether to admit such testimony into evidence, however, remains within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of clear error or abuse of discretion. United States v. August, 745 F.2d 400, 407 (6th Cir.1984).
 
 
 15
 Kean objects that the court erred in refusing to admit the testimony of an expert who would have testified as to crack cocaine's general effect on a person's mental state, offered to prove that Kean suffered from diminished capacity when he robbed the banks. The court excluded the evidence based on its conclusion that the testimony would "not go to this defendant's mental state at the time he committed the crime, because [the expert] has never examined tested or treated this defendant," and was therefore not relevant to establishing Kean's diminished capacity at the time of the robberies. J.A. at 51.
 
 
 16
 This court has recently reaffirmed that it "is well established that intoxication, whether voluntary or involuntary, may preclude the formation of specific intent and thus serve to negate an essential element of certain crimes." United States v. Newman, 889 F.2d 88, 92 (6th Cir.1989), cert. denied, 110 S.Ct. 2566 (1990). However, the "mere addiction to narcotics" is insufficient to establish a psychiatric disorder that would relieve a defendant from culpability for his crime. Cf. Brinkley v. United States, 498 F.2d 505, 511 (8th Cir.1974) (holding that trial court did not abuse discretion in excluding testimony of expert witness on defendant's alleged drug addiction because evidence might have confused the jury); United States v. Newman, 849 F.2d 156, 165 (5th Cir.1988) (same).
 
 
 17
 Kean sought to admit the testimony solely to buttress his claim that he lacked the specific intent necessary to support a conviction. Because the expert had neither interviewed nor examined Kean at any point in time near the robberies themselves, nor intended to interview Kean prior to testifying, the probative value of his testimony was arguably minimal. Moreover, a number of lay witnesses testified both as to the general effects of crack cocaine and its effect on Kean in particular. Accordingly, exclusion of the expert testimony did not constitute an abuse of discretion.
 
 V
 
 18
 As a final matter, Kean urges us to find that the trial court's jury charge did not adequately instruct the jury on Kean's diminished capacity theory of specific intent relative to the alleged effects of crack cocaine on Kean at the time of the robberies. This court reviews jury instructions to determine whether the charge adequately informs the jury of the relevant considerations in the case and provides a basis in law for assisting the jury in its decision. Chonich v. Wayne County Community College, 874 F.2d 359, 366 (6th Cir.1989). We will therefore affirm the jury's verdict unless the instructions, viewed as a whole, were confusing, misleading, and prejudicial. Id. Where a party requests a specific instruction, this court will find reversible error in the trial court's failure to give the instruction only where the proposed instruction is: (1) correct; (2) not substantially covered by the actual jury charge; and (3) so important that failure to give it substantially impairs defendant's defense. United States v. Sassak, 881 F.2d 276, 279 (6th Cir.1989).
 
 
 19
 In the instant case, the court instructed the jury on specific intent as follows
 
 
 20
 Although a stupor, due to the use of some drug, even a drug taken for medical purposes, is not alone a defense. [sic] The fact that a person may have been in a state of drug induced stupor at the time of the commission of a crime may negate the existence of specific intent. So evidence that a defendant acted while in a stupor due to some drug is to be considered in determining whether or not the defendant acted with specific intent. If you find that the defendant was incapable of forming the specific intent to rob the banks because of a drug induced stupor, you should find him not guilty.
 
 
 21
 J.A. at 172.
 
 
 22
 Kean objects that the court's instruction was deficient because it did not explicitly use the term "diminished capacity." We believe, however, that the court's charge was clear and correct, and that it accurately stated the essence of Kean's defense. Indeed, we have previously upheld instructions substantially similar to those stated by the court. See Hamilton v. United States, 475 F.2d 512, 515 (6th Cir.1973). In sum, we find no error in the court's jury instructions.
 
 VI
 
 23
 For the foregoing reasons, we refuse to reach the merits of Kean's ineffective assistance of counsel claim and AFFIRM all other aspects of Kean's conviction.
 
 
 
 [1]
 Kean does not challenge the validity of his confession in the present appeal
 
 
 [2]
 Had Kean's motion for a new trial been made pursuant to Federal Rule of Criminal Procedure 33, it would have been untimely since it was made several months after the jury had found Kean guilty