1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony KEAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1223.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1993.
 
 1
 Before: KEITH and KENNEDY, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Tony Kean, a pro se federal prisoner, appeals from a judgment of the district court dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kean was convicted by a jury of five counts of bank robbery, and on January 31, 1991, he was sentenced to serve 109 months imprisonment. On February 11, 1991, Kean, through counsel, filed a motion requesting release on bond pending appeal. On February 14, 1991, Kean, once again through counsel, filed a motion entitled "motion for new trial pending the outcome of an evidentiary hearing relative to the issue of ineffective assistance of counsel" pursuant to 28 U.S.C. Sec. 2255. Both motions were denied, and Kean appealed from the denial of his motion for bond, but he did not appeal the denial of his motion filed pursuant to Sec. 2255.
 
 
 4
 On direct appeal, Kean argued that he received ineffective assistance of counsel, that it was error to admit into evidence a photograph of Kean, that it was error to not allow Kean's expert witness to testify to the impact of crack cocaine use and addiction, and that it was error to not give the jury an instruction on diminished capacity. The court of appeals declined to address the issue of ineffective assistance of counsel, but reviewed the remaining issues, found no error, and affirmed Kean's conviction.
 
 
 5
 Kean then filed a second motion pursuant to Sec. 2255, raising the sole issue of ineffective assistance of counsel. Kean argued that his trial counsel was ineffective by stipulating to the admission into evidence of a photograph of Kean, by failing to press for and secure an instruction to the jury on diminished capacity, and by not having Kean interviewed and examined by an expert witness. The government's response noted Kean's previous petition history and also argued that Kean received effective assistance of counsel. The magistrate judge recommended that Kean's motion be dismissed as an abuse of the writ pursuant to McCleskey v. Zant, 111 S.Ct. 1454 (1991). Over Kean's objections, the district judge dismissed Kean's motion as an abuse of the writ and because it was a successive motion. Upon de novo review, we affirm the judgment.
 
 
 6
 In light of this court's prior order declining to address Kean's ineffective assistance of counsel claim, we will not bar Kean's claim as successive or as an abuse of the writ. Rather, we will affirm the district court's judgment on other grounds. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 7
 To prevail on an ineffective assistance of counsel claim, Kean must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A strong presumption exists that counsel's performance fell within the wide range of professional assistance. Id. at 689. Kean bears the burden of demonstrating that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).
 
 
 8
 As to Kean's allegation that his counsel was ineffective by not having him interviewed and evaluated by an expert witness, we are satisfied that Kean has demonstrated neither that the results of the proceeding would have been different had an evaluation and interview occurred nor that the challenged action was not sound strategy. As to Kean's allegation that his counsel was ineffective by stipulating to the admission of a photograph, we note that this court previously ruled that the photograph was properly admissible. Likewise, this court previously ruled that the jury instruction at issue accurately stated the essence of Kean's defense. Therefore, Kean cannot show any prejudice concerning these issues.
 
 
 9
 In sum, Kean has failed to demonstrate a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation