51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony KEAN, Defendant-Appellant.
 No. 94-1951.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 Before: JONES, CONTIE and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner moves for in forma pauperis status and appeals a district court judgment denying his motion for resentencing filed pursuant to Fed.R.Crim.P. 32. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, a jury found Tony L. Kean guilty of five counts of bank robbery, in violation of 18 U.S.C. Sec. 2113(a). The district court sentenced Kean to 109 months of imprisonment. This court affirmed Kean's conviction on appeal. United States v. Kean, No. 91-1165, 1991 WL 270828 (6th Cir. Dec. 16, 1991) (per curiam). Kean then moved to vacate sentence pursuant to 28 U.S.C. Sec. 2255. In that motion, Kean argued that his counsel was ineffective. The district court denied the motion, and this court affirmed the district court's judgment. Kean v. United States, No. 93-1223, 1993 WL 306213 (6th Cir. Aug. 11, 1993) (order).
 
 
 3
 Thereafter, Kean moved in the district court for resentencing claiming ineffective assistance of counsel. The district court denied that motion and Kean appealed, but voluntarily withdrew the appeal. Later, Kean filed another appeal, which he also voluntarily withdrew. On March 30, 1994, Kean moved for resentencing again, claiming ineffective assistance of counsel. The district court also denied that motion. On May 9, 1994, Kean once again moved the district court for resentencing. In his immediate motion, Kean claimed that: 1) the district court did not properly advise him of his right to appeal his sentence, as opposed to his conviction, in violation of Fed.R.Crim.P. 32(a)(2); 2) the district court incorrectly calculated his criminal history category and that the resulting guideline range was too high, in violation of Fed.R.Crim.P. 32(c)(3)(D); and 3) counsel was ineffective because he did not object to the sentence calculation. The district court denied Kean's motion, and Kean appeals that judgment. In his timely appeal, Kean reasserts the claims set forth in the district court.
 
 
 4
 Kean's motion for resentencing is properly construed as a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255 because he sought to challenge his sentence. In addition, Sec. 2255 is the preferred vehicle to assert such challenges because Fed.R.Crim.P. 32 does not authorize independent challenges to sentences. See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988).
 
 
 5
 Upon review, we affirm the district court's judgment because Kean has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The court reviews a judgment denying a Sec. 2255 motion de novo, Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993), while examining the district court's factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 6
 This motion was properly denied because it clearly constitutes an abuse of the writ. A motion to vacate may be denied as an abuse of the writ pursuant to Rule 9(b), Rules Governing Section 2255 Proceedings, if the movant had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. See McCleskey v. Zant, 499 U.S. 467, 489 (1991). Although dealing specifically with a petition under 28 U.S.C. Sec. 2254, the McCleskey standard applies as well to Sec. 2255 motions filed by federal inmates. See, e.g., Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993); United States v. Flores, 981 F.2d 231, 234-35 (5th Cir.1993). This procedural bar applies even to constitutional issues. Campino v. United States, 968 F.2d 187, 190 (2nd Cir.1992). Kean's immediate motion represents his second Sec. 2255 motion and his fifth attempt to challenge his sentence in addition to his direct criminal appeal. Therefore, Kean had ample prior opportunities to raise his claims and failed to do so.
 
 
 7
 Kean's first and second claims are not even cognizable outside the context of his ineffective assistance of counsel claim. Both of these claims are founded in the Federal Rules of Criminal Procedure. As such, they are beyond the scope of 28 U.S.C. Sec. 2255. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violations of Criminal Rule 11 do not warrant relief under Sec. 2255); Hill v. United States, 368 U.S. 424, 426-29 (1962) (mere non-compliance with isolated provision of Criminal Rule 32 not sufficient, without other error of constitutional magnitude, to invoke Sec. 2255 relief). A defendant must show more than mere noncompliance with Fed.R.Crim.P. 32; he must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence. United States v. Mandell, 905 F.2d 970, 973-74 (6th Cir.1990). Kean's first and second claims raise mere noncompliance issues. A closer review likewise reveals that claims 1 and 2 do not warrant habeas relief.
 
 
 8
 In his third claim, Kean argued that his counsel rendered ineffective assistance because counsel did not object to the allegedly improper sentence calculation. Kean had asserted ineffective assistance of counsel in his previous Sec. 2255 motion, and this court rejected that ground on the merits. In that motion, Kean claimed that counsel was ineffective at trial, whereas he now claims that counsel was ineffective at sentencing. Thus, Kean clearly had a prior opportunity to raise this claim and, by inexcusable neglect, failed to do so. See McCleskey, 499 U.S. at 489.
 
 
 9
 Accordingly, Kean's motion for in forma pauperis status is granted solely for the purpose of this appeal, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.