UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas G. MUELLER,
Defendant-Appellant.

No. 84–3027X.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 1985.*

Decided Dec. 13, 1985.

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

Thomas C. Wales, Seattle, Wash., for defendant-appellant.

Thomas G. Mueller, Kelso, Wash., for plaintiff-appellee.

Before CHOY, SNEED, and PREGERSON, Circuit Judges.

SNEED, Circuit Judge:

This is another case in which a defendant sought to avoid conviction on two counts of willful failure to file income tax returns in violation of 26 U.S.C. § 7203 on the basis that wages do not constitute gross income subject to tax. We affirm.

## I.

### FACTS

The tax years in question were 1979 and 1980. Appellant previously filed returns for 1976 through 1978 in which no claim that wages were not income was reflected. The government introduced evidence to show that Mueller had gross income of $25,590.59 in 1979 and $30,656.06 in 1980. Appellant challenged each government wit-ness to declare whether he or she was his "accuser," to which in each case the government entered an objection which the district court sustained. Appellant also sought to read to the jury certain Supreme Court cases which he appears to have believed supported his theory regarding wages.

Appellant plainly shaped his defense around the proposition that his failure to file returns in 1979 and 1980 was not willful because he believed that under the Constitution wages were not taxable as income. The district court's charge with respect to willfulness was, in part, as follows:

> An act is done willfully if done voluntarily and intentionally with the purpose of avoiding a known legal duty.
>
> . . . .
>
> Intent and motive should never be confused. Motive is what prompts a person to act. . . .
>
> A defendant's belief that wages are not income for the purpose of income tax is not a negation of criminal intent. Even if you find that defendant's motive was based upon a sincere belief. Motive is not of itself an acceptable legal defense or justification.

R.T. 3:123-25.

The district court also instructed the jury that gross income includes income derived from wages, rents, and interest. R.T. 3:123.

Appellant contends that the district court erred (1) when it refused to allow Mueller to read Supreme Court opinions to the jury, (2) when it failed to require the government to identify his accuser, (3) when it instructed the jury that gross income includes wages, and (4) when it charged the jury that "a defendant's belief that wages are not income for the purpose of income tax is not a negation of criminal intent." R.T. 3:125. Only the latter contention is not frivolous.

The first contention has been rejected by this court. *See Cooley v. United States*, 501 F.2d 1249, 1253-54 (9th Cir. 1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct.

809, 42 L.Ed.2d 824 (1975). The second contention fails because appellant confronted the government witnesses, cross-examined them, and had ample opportunity to expose their biases and motivations. The allowance of the government's objection to appellant's effort to obtain an answer to his question inquiring whether each witness was his accuser was entirely proper. The appellant knew that it was the United States of America that brought the charges. His questions were irrelevant and properly were disallowed. The third contention is absurd except to the extent it is viewed as part of the fourth contention.

■ That contention, however, cannot be easily dismissed. The issue is whether that portion of the charge that reads, "A defendant's belief that wages are not income for the purpose of income tax is not a negation of criminal intent," *id.*, constituted an instruction that improperly took from the jury the possibility of finding that appellant's failure to file was not willful because of his good faith belief that, under the tax law as it existed in 1979 and 1980, wages were not includible in gross income. A jury charge that stated, "The court has ruled as a matter of law that a good faith belief that wages are not income is not a defense to the charges" has been held by the Fifth Circuit in a case somewhat similar to this one to be improper. *United States v. Burton,* 737 F.2d 439, 441–43 (5th Cir.1984). The court in *Burton* distinguished between a good faith belief that wages are not income and the belief that the law that includes wages in income is either wrong or unconstitutional. *Id.* A failure to file while holding the latter belief would be willful; but a failure to file while believing in good faith that under the law wages were not income would not be willful.

■ We take no issue with *Burton's* reasoning. *See United States v. Callery,* 774 F.2d 1456 (9th Cir. 1985). We conclude, however, that in this case the challenged portion of the jury charge conforms to *Burton's* distinction between a refusal to abide by well understood statutory law and

a failure to conform because of a good faith belief that the Constitution does not require conformity. That is, the charge, taken in its entire context, merely informed the jury that, if the appellant's motive for failing to file returns as required by statutory law had its source in his view that under the Constitution wages were not income, then such a motive would not prevent his failure to file from being willful.

The district court's jury charge distinguished between intent and motive, pointing out that an act done with the intent to avoid a known legal duty was done willfully. This remained true, the jury was instructed, even though his motive was to achieve goodness. The appellant's asserted belief that wages were not income was linked to motive by the last paragraph of the above quoted portion of the charge. A fair reading of that paragraph in the context of the evidence presented to the jury is that the appellant's belief, *viz.*, that under the Constitution the receipt of wages constitutes only an even exchange of labor for money and not gain taxable under the Sixteenth Amendment, would not preclude a finding of willfulness. This belief was, in the language of the jury charge, merely the appellant's motive for failing to do what he knew the law required. The basic thrust of the charges was that his failure to file under these circumstances was willful. This was not erroneous.

Although the distinction the charge sought to draw could have been better put, we cannot find that its deficiencies require a reversal of appellant's conviction. Our interpretation of the charge is borne out by the following revealing cross-examination of an IRS employee by the appellant.

Q: Did I understand you to say that wages are income?

A: Yes ...

Q: Did you know that [the IRS] started taxing wages in World War II? ...

Q: You said that [a person who is unsure whether wages are income] can look at a 1040 or an instruction book *or the IRS Code or some statutes.* Can you look at the Constitution?

A: You could ...

Q: Could you look at the sixteenth amendment to get the answer ... [and] at Supreme Court opinions? ...

Q: ... Isn't it true that the courts will say what laws are constitutional and what aren't? ...

Q: Isn't the final authority the U.S. Supreme Court, then, and not statutes and regulations?

(emphasis added).

R.T. 2:77–78.

A further indication that appellant relies on his erroneous constitutional theory is provided by appellant's testimony.

I went to some meetings. I did some research, got some information from other people, and they told me about some cases in the Supreme Court.... I found out that profit and gain is income.... I didn't make any income according to that, and because I didn't, ... I felt that I wasn't required to make this report to them.

Now it seems to me that maybe they have been leading us all astray for many, many years. And the more that I found out about it and the more research I did on it, I came to the conviction that they were ...

R.T. 2:93–96.

Appellant's belief that a constitutional barrier to taxation of wages as income has always existed does not relieve his failure to file of the mark of willfulness.

AFFIRMED.