**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald J. SASSAK,
Defendant–Appellant.**

No. 87–1753.

United States Court of Appeals,
Sixth Circuit.

Argued May 15, 1989.

Decided July 31, 1989.

Rehearing Denied Sept. 12, 1989.

Aaron T. Speck (argued), Taylor, Mich., for defendant-appellant.

John R. Roth (argued), Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before MILBURN and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

Defendant Ronald J. Sassak appeals his federal jury conviction of April 29, 1987, on fourteen counts of aiding or abetting in the preparation of false and fraudulent tax returns, in violation of 26 U.S.C. § 7206(2). Although not a member of the bar, Sassak is a graduate of the Detroit College of Law. He proceeded pro se at trial.

Sassak promotes the view that labor is property; therefore, when one is paid wages by an employer, Sassak argues that he is merely exchanging his labor property for his employer's property and he does not receive any net gain in property. On this basis, Sassak asserts that most wages may not be taxed under the sixteenth amendment to the Constitution. Sassak presented this theory at several meetings at which he advised participants how they could file their returns in order to receive a refund of all of the federal income taxes that had been withheld. He sold a book of tax protester materials entitled *The Greatest Swindle Ever Told.* The authorship of the work is uncertain, but he apparently had some role in its compilation.

Sassak allegedly prepared false returns for eight individuals for tax years 1979 to

1982. Seven of the eight taxpayers testified that Sassak either "typed" or "prepared" his or her return, for a fee of approximately $60 and up to 10% of the anticipated refund. Sassak was also available to represent the taxpayers, for an additional fee, in IRS proceedings that were conducted as a result of filing the returns. Sassak altered the printed IRS forms in several respects, including changing the line for "employee business expenses" to read "nontaxable receipts." On each return, the taxpayer claimed a deduction in the amount of his or her wages under the "nontaxable receipts" category, resulting in little or no net adjusted gross income and zero tax liability in each case. A three page letter which Sassak had prepared, explaining his theory on the nontaxability of wages, was attached to many of the forms. The taxpayers signed their respective forms and attached letters; Sassak did not sign or identify himself on any of these items and informed the taxpayers that he was not required to do so because he was only a typist. Most of the taxpayers testified that they were unaware of the legal theory relied upon for the deductions.

Sassak argues that the district court erred in failing to instruct the jury regarding his theory that he was not guilty because he did nothing more than type the forms. Sassak also claims that the district court instructed the jury inadequately regarding willfulness and erroneously failed to require the jury to consider his good faith beliefs. Sassak further contends that the district court abused its discretion by preventing him from testifying and using certain demonstrative charts concerning his asserted belief that some wages are not taxable. These arguments will be addressed in turn.

## I. Typist Instruction

Sassak was convicted under 26 U.S.C. § 7206(2), which provides that any person who

> [w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document ... shall be guilty of a felony....

Theoretically, anyone who causes a false return to be filed or furnishes information which leads to the filing of a false return could be guilty of violating 26 U.S.C. § 7206(2). However, it has been held that one must engage in "some affirmative participation which at least encourages the perpetrator" in order to be guilty of aiding in the preparation and presentation of false tax returns. E.g., United States v. Graham, 758 F.2d 879, 885 (3d Cir.) (citations omitted), cert. denied, 474 U.S. 901, 106 S.Ct. 227, 88 L.Ed.2d 227 (1985).

Sassak argued at trial that he was not an income tax return preparer, but merely a typist who complied with the "preconceived notions" already held by the taxpayers. He requested a jury instruction that he should he found not guilty if the jury believed his claim that he only typed the returns.[1] Under 26 U.S.C. § 7701(36)(B),

---

1. Sassak's request for the following jury instruction was denied:

*DEFINITION OF "INCOME TAX RETURN PREPARER"*

The indictment alleges that the Defendant willfully aided, assisted, procurred [sic], counseled or advised in the preparation of a false or fraudulent tax return. You are instructed that an "income tax return preparer" generally means any person who prepares for compensation, or employs one or more persons to prepare for compensation, an income tax return.

However, a person shall not be deemed an "income tax return preparer" merely because such person furnishes typing, reproducing, or other mechanical assistance, even if such person receives compensation for such typing, reproducing or other mechanical assistance.

In this regard, you have been presented evidence, both oral and written, that the Defendant typed and reproduced the returns which are the subject of the indictment. *If you find that the Defendant merely provided typing services and reproduction of such returns for the individuals who signed and filed them, you are instructed that Defendant was*

one who merely types documents is not an income tax return preparer.[2] Assuming this to be the case, Sassak could nonetheless be found in violation of 26 U.S.C. § 7206(2) for aiding and abetting in the preparation of false income tax returns. The only relationship between the two code sections is that, as interpreted by the courts, both seem to require some affirmative action or knowledge on the part of the actor. It is adequate to analyze violation of 26 U.S.C. § 7206(2) in terms of an actor's actual willfulness and knowledge of the falsity of the return that is prepared. We observe that the tax laws do not require one to meet the definition of "income tax return preparer" in order to be guilty of aiding or abetting in the preparation of a false return. While the fact that a citizen did nothing more than type a tax return may be some evidence of his or her willfulness or knowledge concerning any falsity contained on the return, that fact alone is not necessarily exculpatory. Therefore, we reject Sassak's contention that the district court erred in refusing to charge the jury that Sassak would have to be found not guilty if they found that he merely provided typing and photocopying services for the taxpayers.

We are not persuaded that failure to give the proposed instruction was reversible error on the ground that the court must instruct the jury on all defense theories, however weakly supported by the evidence they may be. *United States v. Garner*, 529 F.2d 962 (6th Cir.), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2630, 49 L.Ed.2d 376 *cert. denied*, 429 U.S. 850, 97 S.Ct. 138, 50 L.Ed.2d 124 (1976). Here, it is the law, rather than the evidence, that fails to support the theory that Sassak, as a mere typist, could not have violated 26 U.S.C. § 7206(2). No conceivable factual finding by the jury removes this flaw in Sassak's argument. Therefore, Sassak was not entitled to receive the charge he requested.

## II. Instructions on willfulness and knowledge

 "The essential elements of an offense under section 7206(2) are (1) that defendant aided, assisted, procured, counseled, advised or caused the preparation and presentation of a return; (2) that the return was fraudulent or false as to a material matter; and (3) that the act of the defendant was willful." *United States v. Hooks*, 848 F.2d 785, 788–89 (7th Cir.1988). Sassak asserts that the district court was in error in failing to give his requested defense instruction on the element of willfulness. Sassak requested the following instruction:

### WILLFULNESS—SUBJECTIVE NOT OBJECTIVE

The indictment alleges that the Defendant willfully aided in the preparation of false and fraudulent income tax returns. If your [sic] find that Defendant's acts were due to inadvertence, negligence, mistake, or to an honest, sincere and good faith belief of the requirements of the law, then you must find the Defendant NOT GUILTY. This is true even if you determine that Defendant's beliefs and actions were unreasonable. The only issue in assessing wilfulness [sic] is whether the beliefs were in fact held in good faith by the Defendant, and not whether those beliefs were right or wrong, reasonable or unreasonable.

---

*not an "income tax return preparer" within the meaning of the law and you MUST find the defendant NOT GUILTY.*
26 U.S.C. Section 7701(36)(A) and (B). (Emphasis added.)

**2.** 26 U.S.C. § 7701(36) provides in pertinent part:
 (36) Income tax return preparer.
 (A) In general. The term "income tax return preparer" means any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any re-

turn of tax imposed by subtitle A or any claim for refund of tax imposed by subtitle A. For purposes of the preceding sentence, the preparation of a substantial portion of a return or claim for refund shall be treated as if it were the preparation of such return or claim for refund.
 (B) Exceptions. A person shall not be an "income tax return preparer" merely because such person—
 (i) furnishes typing, reproducing, or other mechanical assistance....

A trial court's refusal to give a requested jury instruction is reversible error only if the instruction is 1) correct, 2) not substantially covered by the actual jury charge, and 3) so important that failure to give it substantially impairs defendant's defense. *United States v. Parrish*, 736 F.2d 152, 156 (5th Cir.1984). Neither party maintains that the offered instruction would not be a correct statement of the law. It is undisputed that failure to properly charge the jury as to the willfulness element of the offense would have substantially impaired Sassak's defense, for his defense was premised on his claim that he honestly believed wages were not income, so he honestly believed that the returns he typed or prepared were accurate. However, the government asserts that the actual jury charge given here adequately explained the willfulness requirement.

The district judge extensively instructed the jury as to the requirement that Sassak's conduct be willful and knowing. The court explained the government's burden of proving such conduct, and the defense of a good faith misunderstanding of the law. The district court instructed the jury in part:

> To find the defendant guilty of violating Section 7206(2), you must not only find that he did the acts complained of and of which stands charged, but you must also find that the acts were done willfully by him.
>
> The word "willfully," as used in this statute, means voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something the law forbids; that is to say, with a purpose either to disobey or to disregard the law.
>
> Now willfulness necessarily depends upon the defendant's state of mind at the time that the acts or omission for which he is charged were committed. This is a question for you, as jurors to determine. Now, obviously, it is not possible to look directly into a person's mind to see what went on at a given time in the past. The only way to arrive at the intention of the defendant in this case is for you to take into consideration all of the facts and circumstances as shown by the evidence, including the exhibits, and determine from such facts and circumstances whether it was the intent of the defendant at the times in question to aid and assist in the preparation and presentation of false income tax returns.

> \* \* \* \* \* \*

> Now, as I have previously told you, willfulness necessarily depends upon the defendant's state of mind at the time of the acts or omissions with which he is charged. As I have also told you, intent may be established through inference drawn from the facts and circumstances established by the evidence.

> \* \* \* \* \* \*

> Now I have just discussed with you willfully. Let me now discuss with you knowingly.
>
> An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident, or other innocent reason.
>
> The purpose of adding the word "knowingly" was to insure that no one would be convicted for an act done because of mistake, or accident, or other innocent reason.
>
> As stated before, with respect to the crime charged in this case, specific intent must be proved beyond reasonable doubt before there can be a conviction.

> \* \* \* \* \* \*

> As I have told you, an act is done "willfully" is done intentionally as distinguished from negligently, inadvertently, or by mistake, with the purpose of violating a known legal duty.
>
> The element of willfulness charged in the Indictment may be established by proving that the defendant has knowledge of his obligation regarding the preparing tax returns correctly and manner of preparing tax returns correctly. But, nevertheless, voluntarily, deliberately, and intentionally chose not to prepare the returns in the form the law requires.

While the defendant's conduct is not willful if he acted through a good faith misunderstanding of the requirements of the law, a good faith disagreement with the law is not a defense. That is to say, a good faith misunderstanding of what the law is may negate the element of willfulness, but a good faith disagreement with the law as it is, or a good faith belief in what the law ought to be, does not negate willfulness.

It is the duty of all citizens to obey the law whether they agree with it or not.

Sassak argues that the charge given would improperly lead the jury to conclude that little consideration need be given to his subjective beliefs. Sassak is concerned that the jury might have believed that he could not, under the law, have had a good faith belief in a concept so unorthodox as the nontaxability of wages. We conclude that the charge given adequately addresses this concern. The Supreme Court in *United States v. Pomponio*, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976) (per curiam), held that "willfulness" in the Internal Revenue Code simply means intentional violation of a known legal duty. *Id.* at 12–13, 97 S.Ct. at 23–24. The court here, as in *Pomponio*, adequately instructed the jury that the defendant must have been shown to have knowingly and purposely intended to violate the law. The district court here specifically stated that the willfulness requirement would not be fulfilled if Sassak misunderstood the requirements of the law. We are persuaded that the jury was adequately instructed on the element of willfulness as it pertains to the charged offense and accordingly hold that it was not reversible error to refuse to give Sassak's offered instruction on willfulness.

Sassak also argues that the district court erred by failing to give a "good faith belief" defense instruction submitted by the government. The instruction read as follows:

---

**3.** The charts are not included in the appellate record. Information concerning content of the

## GOOD FAITH BELIEF OF DEFENDANT

If a person in good faith believes that an income tax return, as prepared by him, truthfully reports that taxable income and allowable deductions of the taxpayer under the internal revenue laws, he cannot be guilty of willfully preparing or presenting, or causing to be prepared or presented, a false or fraudulent return.

Notably, the *Pomponio* Court found an additional instruction on good faith belief to be unnecessary. *Id.* at 13, 97 S.Ct. at 24. Furthermore, the substance of the proposed instruction is fully covered by the charge actually given by the district court. *See United States v. Parrish, supra*, at 156. Thus, failure to give the proposed instruction on good faith belief is not reversible error.

### III. Presentation and testimony concerning demonstrative charts

After the government approved use by Sassak of five prepared charts, the court stated that they were admissible as illustrative of Sassak's beliefs. After Sassak presented the first three charts (relating to the sixteenth amendment and its application to lottery winnings and time certificates), the court *sua sponte* disallowed Sassak from presenting the other two charts (concerning to the sixteenth amendment as it governs the income taxation of wages) on the ground that Sassak's belief on that matter was irrelevant.[3] The court stated that the record was complete as to Sassak's beliefs and encouraged him to proceed with his argument that he misunderstood the law. Sassak asserts that his inability to fully explain his beliefs harmed his defense, particularly because the government told the jury in its closing argument that if Sassak really believed that his position was correct, "he would come before you and say wages are not income." Sassak argues that he was prevented from presenting testimonial and demonstrative evidence on his belief that wages are not taxable and was

---

charts is derived solely from Sassak's testimony.

thus unable to fully develop a "good faith misunderstanding of the law" defense. Careful examination and analysis of the record undermine this argument.

When Sassak attempted to utilize the fourth and fifth panels during his direct examination, the court ordered a bench conference at which the following exchange took place:

> THE COURT: I'm not sure these two panels are now admissible, sir, because I'm going to instruct the jury that wages are income, as a matter of law. Under the Sixteenth Amendment, as a matter of law, wages are income and your belief that they are not is irrelevant. I am not going to let you use those two charts.
>
> MR. SASSAK: I think it is relevant as going to my understanding relating to my research and education.
>
> THE COURT: No, it's your belief. The law is to the contrary. So there is no misunderstanding, I am not going to allow testimony that you believe wages are not income. That's my ruling.
>
> \* \* \* \* \* \*
>
> THE COURT: You may not use the last two panels, and you may not testify that wages are not income.
>
> MR. SASSAK: Your Honor, opposing counsel has already admitted tax returns that indicate such belief.
>
> THE COURT: You can argue from those. You can testify but you cannot use the panels and you cannot give any more theoretical discussion.
>
> MR. SASSAK: Understood.

■ The district court's decision to prohibit use of the charts on the basis that they were confusing, misleading to the jury and a waste of time, does not constitute reversible error. Fed.R.Evid. 401, 403. In *United States v. Mueller*, 778 F.2d 539 (9th Cir.1985), a case similar to the instant case, the court concluded that a good faith belief that wages are not statutorily included in income would negate the willfulness element of a failure to file violation, whereas a belief that the Internal Revenue Service may not constitutionally include wages in income does not prevent failure to file from being willful. *Id.* at 541. Although evidence that Sassak actually thought the law required something other than it actually did might negate the element of willfulness, the subject matter of the charts demonstrates that Sassak attempted to prove a disagreement with the statutory law on the ground that it was inconsistent with the Constitution. Such evidence does not further his defense of lack of willfulness and can properly be excluded. *See, e.g., Id.; United States v. Wells,* 790 F.2d 73, 75 (10th Cir.1986).

For similar reasons, we are not convinced that the district court precluded relevant testimony regarding Sassak's good faith misunderstanding defense. Sassak's belief that wages are not income was revealed to the jury during his testimony and during his argument. If Sassak had been precluded from testifying that his reading of the statutes led him to the conclusion that the tax laws provided for the nontaxability of wages, he might have a viable argument that his defense was harmed. That was simply not the case. The district judge interrupted Sassak's testimony because Sassak was shifting his focus from his allegedly mistaken beliefs to impermissible testimony of what the law is or should be. Information on what the law is is not a proper subject for testimony; rather, it is the duty of the trial judge to instruct the jury on the actual law. Information on what Sassak believed the law ought to be is irrelevant to his defense because, as noted above, disagreement with the law, even on the basis of a belief that the Constitution forbids enforcement of the law, is not a defense to violation of the Internal Revenue Code. Therefore, the district judge did not abuse his discretion in interrupting Sassak for the purpose of encouraging him to progress with his testimony regarding his alleged misunderstanding of the law.

Accordingly, the judgment of the district court is AFFIRMED.