27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karen G. ANDERSON (93-1469); Robert W. Jones (93-1470);
and James E. Anderson (93-1471), Defendants-Appellants.
 Nos. 93-1469 to 93-1471.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1994.
 
 Before: JONES, NORRIS and SUHRHEINRICH, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Defendants Robert W. Jones ("Jones"), James E. Anderson, and Karen G. Anderson appeal from their convictions for conspiracy to defraud the government, in violation of 18 U.S.C. Sec. 371. Jones and James Anderson also appeal from their convictions for twice making false statements in connection with a matter within the jurisdiction of an agency of the United States Government, in violation of 18 U.S.C. Sec. 1001. Finally, James Anderson appeals from his additional conviction for committing mail fraud, in violation of 18 U.S.C. Sec. 1341.
 
 I.
 
 2
 Karen Anderson argues that the evidence presented against her at trial was insufficient to sustain her conspiracy conviction. She contends that the government did not prove that she was part of a conspiracy to defraud the government. To obtain a conviction for a conspiracy, the government must prove by direct or circumstantial evidence "that the accused willfully became a member of the conspiracy." United States v. Lee, 991 F.2d 343, 347-48 (6th Cir.1993) (quoting United States v. Poulos, 895 F.2d 1113, 1117 (6th Cir.1990)). In other words, the government must prove that Karen Anderson "knew of, intended to join, and participated in the conspiracy." United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991).
 
 
 3
 This court, in addressing a challenge to the sufficiency of the evidence, must view the evidence in the light most favorable to the government and draw all reasonable inferences from the facts in the government's favor. Poulos, 895 F.2d at 1117. From this perspective, we must "determine whether the relevant evidence ... could be accepted by a reasonably-minded jury as adequate and sufficient to support the conclusion of defendant's guilt beyond a reasonable doubt." Id. (internal quotations and citations omitted). After viewing the evidence presented against Karen Anderson in this light, we conclude that a rational trier of fact could have inferred that she was aware of, and participated in, the conspiracy.
 
 
 4
 According to the indictment, the three defendants conspired to defraud the Farmers Home Administration ("FMHA") by submitting false statements regarding construction costs on a housing project financed by the agency, and by concealing the prohibited involvement of James Anderson in the project.[1] The evidence showed that Karen Anderson frequently signed and submitted, without her supervisor's authority, cost certificates on behalf of Mid-State Excavating, one of the subcontractors for the housing project, which overcharged the government for the project. In addition, she diverted the funds in excess of Mid-State's legitimate charges into personal accounts held by her, her husband James, and their children. A reasonable jury could infer from her conduct that she knowingly participated in the conspiracy to overcharge the government because she attempted to hide the amount that was actually billed and received by Mid-State, and diverted overcharges to the use of herself and her husband. We therefore affirm Karen Anderson's conviction for conspiracy to defraud the government.
 
 II.
 
 5
 Jones and James Anderson do not challenge the sufficiency of the government's evidence. Rather, they direct their arguments towards various trial errors committed by the district court below.
 
 A.
 
 6
 First, they argue that the district court abused its discretion by refusing to admit evidence of a prior conviction against a government witness. The argument is without merit. The district court heard arguments concerning the prior conviction's admissibility. Neither defendant stated any specific ground for admission and, consequently, defendants did not implicate their Sixth Amendment right to confrontation. Given the fact that the conviction would serve to attack only the general credibility of the witness, and that the age of the conviction diluted both its relevance and impact, the district court properly refused its admission. United States v. Williams, 892 F.2d 296, 299 (3d Cir.1989), cert. denied, 496 U.S. 939 (1990).
 
 
 7
 Defendants next argue that the district court abused its discretion in admitting certain allegedly irrelevant evidence. First, they argue that Albert Woodrel's testimony that James Anderson had asked him about getting involved in kickbacks was irrelevant and prejudicial. However, defendants objected at trial to this evidence only on the issue of relevancy. The district court did not abuse its discretion in allowing the testimony because it was clearly relevant to prove James Anderson's ongoing intent or plan to defraud the government, considering that the conversation took place during the time period charged for the conspiracy in the indictment. We consider under the plain error standard defendants' contention that the testimony was unfairly prejudicial under the balancing test of Federal Rule of Evidence 403, because no objection was lodged on that ground. See United States v. Cox, 957 F.2d 264, 267 (6th Cir.1992). Clearly, defendants have failed to demonstrate any prejudice of the magnitude that "seriously" affected the fairness of the proceeding. United States v. Olano, 113 S.Ct. 1770, 1776 (1993).
 
 
 8
 Defendants also argue that the trial court abused its discretion in admitting James LaRue's testimony that James Anderson had said that his former boss, Don Monroe, had been "caught with his hand in the cookie jar." We similarly review this decision for plain error, since neither Jones nor James Anderson objected to the testimony. Fed.R.Crim.P. 52(b). Although the evidence had only minimal relevance to the issues in the case, the admission of this isolated comment does not rise to the level of "seriously" affecting the fairness of the trial. Olano, 113 S.Ct. at 1776. This conclusion is buttressed by the fact that the jury had earlier been presented evidence that Monroe had been debarred from government contract work because of an earlier fraud.
 
 B.
 
 9
 Jones argues that the district court abused its discretion in admitting other testimony by LaRue that Jones had contacted him in an attempt to influence his testimony. The district court ruled that the evidence was clearly relevant, and we agree. Threatening a witness tends to show consciousness of guilt. United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir.1986), cert. denied, 480 U.S. 922 (1987). Moreover, the district court did not allow the prosecution to bring out specific inflammatory comments made by Jones.
 
 
 10
 Jones' final argument is that the district court committed reversible error in failing to instruct the jury, pursuant to Federal Rule of Evidence 105,[2] that debarment documents sent to James Anderson could not serve as notice of Anderson's debarment to Jones. According to the plain language of the Rule, if evidence is admissible against only one party, the trial court must so instruct the jury, if requested. Therefore, the trial court erred in refusing Jones' request for an instruction. See 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure Sec. 5065 (1977). However, the failure to instruct is not reversible error because it did not substantially impair Jones' defense. United States v. Sassak, 881 F.2d 276, 279 (6th Cir.1989). The government introduced evidence that Jones was directly told of Anderson's debarment from FMHA projects, and it also introduced substantial evidence from which a reasonable jury could infer that Jones was aware of the debarment.
 
 C.
 
 11
 James Anderson challenges as improper the admission of evidence of his debarment from FMHA projects because, he argues, it violated Federal Rule of Evidence 404(b).[3] We doubt that evidence of Anderson's debarment constitutes Rule 404(b) material, as the indictment charged as part of the conspiracy to defraud that all three defendants willfully concealed the fact of James Anderson's involvement in the project with knowledge of his debarment. However, even if the rule is implicated, the district court ruling to allow the evidence would still be proper because it was admissible to show knowledge and intent to defraud. See United States v. Lash, 937 F.2d 1077, 1087 (6th Cir.), cert. denied, 112 S.Ct. 397 (1991).
 
 
 12
 Finally, James Anderson argues that the district court erred when it failed, after the trial had started, to dismiss the indictment against him because it violated his prior Rule 11 plea agreement. Paragraph (D)(1) of that agreement states: "The government will not pursue prosecution of defendant in [the Eastern], or the Western District of Michigan, for crimes relating to his involvement in government housing projects now known to the government." Anderson argues that testimony at trial made it clear that the government was aware of his involvement in the Monroe Manor project by February 1985, when the plea agreement was signed. However, the district court found that the record did not establish that the government was aware of Anderson's involvement in February 1985. Moreover, the district court ruled that the issue was waived because it had not been brought as a Rule 12(b) motion prior to trial.
 
 
 13
 We are unable to say that the district court's finding was clearly erroneous. Furthermore, Anderson failed to raise the issues of cause and prejudice for his failure to raise this Rule 12(b) motion in a timely manner, and we are not convinced that he could meet this standard. See United States v. Oldfield, 859 F.2d 392, 396-97 (6th Cir.1988).
 
 III.
 
 14
 For the foregoing reasons, the judgments of conviction of the three defendants are affirmed in all respects.
 
 
 
 [1]
 James Anderson had been debarred from working on government contracts because of previous incidents of fraud
 
 
 [2]
 Limited admissibility
 When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.
 Fed.R.Evid. 105.
 
 
 [3]
 The Rule states:
 (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....
 Fed.R.Evid. 404(b)