**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VIKA MAOPA AKAOULA,

    Defendant-Appellant.

No. 98-4028

(D.C. No. 97-CR-191-C)

(D. Utah)

ORDER AND JUDGMENT*

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.**

A jury convicted Defendant Vika Maopa Akaoula on thirty-one counts of aiding

and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2),

seven counts of making false statements to the IRS, in violation of 18 U.S.C. § 1001, two

counts of forging United States Treasury checks, in violation of 18 U.S.C. § 510(a)(1),

and two counts of uttering forged United States Treasury checks, in violation of 18 U.S.C.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

§ 510(a)(2). The district court sentenced Defendant to thirty-months imprisonment. Defendant appeals the convictions and sentence claiming that the district court erred by: (1) denying her a judgment of acquittal on counts one through thirty-eight of the indictment; (2) failing to sever counts thirty-nine and forty from the remaining counts of the indictment; and (3) refusing to depart downward from the applicable sentencing guideline range. As to Defendant's first two claims, we exercise jurisdiction under 28 U.S.C. § 1291, and affirm. As to Defendant's third claim, we lack jurisdiction and dismiss.

Defendant first argues that the government's evidence was insufficient to establish that she violated 26 U.S.C. § 7206(2) and 18 U.S.C. § 1001. We will reverse a conviction based upon insufficient evidence only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Haslip, 160 F.3d 649, 652 (10th Cir. 1998). In reviewing the record, we view the evidence and the reasonable inferences to be drawn therefrom in a light most favorable to the government. Id. at 652-53. We do not weigh the evidence or consider the credibility of the witnesses. Id. at 653.

Counts one through thirty-one of the indictment charged Defendant with violating 26 U.S.C. § 7206(2). To sustain a conviction under § 7206(2), the government must prove that: (1) defendant aided, assisted, procured, counseled, advised or caused the preparation and presentation of a return; (2) the return was fraudulent or false as to a

material matter; and (3) defendant acted willfully. United States v. Sassak, 881 F.2d 276, 278 (6th Cir. 1989). In this case, Defendant does not dispute that the returns she prepared were false as to material matters. Instead, relying on 31 C.F.R. § 10.34(a)(3), Defendant argues that as a return preparer she was entitled to rely upon her clients' return signatures verifying the correctness of the return information.[1] Defendant's argument is meritless.

Our review of the record reveals that Defendant willfully caused the presentation of false returns to the IRS. Section 10.34(a)(3) does not allow a return preparer to "ignore the implications of information furnished to, or actually known by, the practitioner." Indeed, a preparer must inquire if the information "appears to be incorrect, inconsistent, or incomplete." In this case, the tax returns, among other things, falsely claimed: (1) head of household status even though the taxpayer was married and living with his or her spouse; (2) exemptions for dependants who did not exist or who received no support from the taxpayer; (3) inflated deductions for medical and other expenses of

---

[1] Section 10.34(a)(3) provides:

(3) *Relying on information furnished by clients.* A practitioner advising a client to take a position on a return, or preparing or signing a return, or preparing or signing a return as a preparer, generally may rely in good faith without verification upon information furnished by the client. However, the practitioner may not ignore the implications of information furnished to, or actually known by, the practitioner, and must make reasonable inquiries if the information furnished appears to be incorrect, inconsistent, or incomplete.

31 C.F.R. § 10.34(a)(3).

the taxpayer; and (4) earned income credits to which the taxpayer was not entitled. Furthermore, the evidence clearly showed that Defendant's clients did not provide the false information. Instead, Defendant placed the false information in her clients' returns. Thus, Defendant cannot now hide behind her clients' signatures which purportedly verified the information contained in the returns. Based upon the evidence presented, the jury reasonably concluded that Defendant knew the returns she prepared contained false information when she submitted them to the government.

Counts thirty-two through thirty-eight of the indictment charged Defendant with violating 18 U.S.C. § 1001. To sustain a conviction under § 1001, the government must prove that: (1) defendant made a statement; (2) defendant knew the statement was fraudulent or false; (3) defendant made the statement willfully; (4) the statement was within the jurisdiction of a federal agency; and (5) the statement was material. United States v. Daily, 921 F.2d 994, 999 (10th Cir. 1990).

The indictment alleged that to support the information contained in her clients' tax returns, Defendant submitted seven different documents to the IRS which contained false statements. Defendant does not deny that those statements were within the jurisdiction of a federal agency and were material. Rather, Defendant argues she did not know the statements were false. Defendant's clients, however, testified at trial that they did not provide Defendant with false information and that Defendant herself made the false statements. While the jury could have accepted Defendant's assertion that she did not

4

knowingly provide the government with false information, the evidence in the record is sufficient to support the jury's finding to the contrary. Accordingly, we reject Defendants challenge to the sufficiency of the evidence on counts one through thirty-eight of the indictment.

Defendant next argues that the district court should have severed counts thirty-nine and forty of the indictment, which charged her with forging endorsements and signatures on two tax refund checks, from the indictment's remaining counts. Because Defendant did not object to the joinder of the counts at trial, we review only for plain error. Fed. R. Crim. P. 52(b). We will not exercise our discretion to correct plain error unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotations omitted).[2]

Under Fed. R. Crim. P. 8(a), joinder of offenses is permitted if the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." We construe Rule 8(a) broadly to allow liberal joinder to enhance the efficiency of

---

[2] In her brief, Defendant appears to argue that if we direct the district court to grant her a judgment of acquittal on counts one through thirty-eight based on insufficient evidence, we must grant her a new trial as to counts thirty-nine and forty because those counts were inextricably intertwined with counts one through thirty-eight, resulting in undue prejudice before the jury. Because we affirm Defendant's convictions on counts one through thirty-eight, however, we have no occasion to vacate her convictions as to counts thirty-nine and forty based on that argument. Out of an abundance of caution, we nevertheless proceed with a discussion of the propriety of joining counts thirty-nine and forty with counts one through thirty-eight.

the judicial system. United States v. Johnson, 130 F.3d 1420, 1427 (10th Cir. 1997), cert. denied, 119 S. Ct. 78 (1978).

We conclude that joinder of the offenses in this case was proper because the conduct alleged in all counts of the indictment was part of a common scheme or plan to enhance Defendant's business and profit by preparing false tax returns for her clients. The forgeries charged in counts thirty-nine and forty were directly linked with the false returns which were the subject of counts thirty and thirty-one. Moreover, the IRS issued the refund checks described in counts thirty-nine and forty to clients as a direct result of the false tax returns that Defendant filed on their behalf. Accordingly, we do not believe the district court's failure to sever counts thirty-nine and forty constituted plain error.

Lastly, Defendant argues that the district court abused its discretion by refusing to depart downward under the sentencing guidelines. In United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998), we recently stated:

> [C]ourts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant.

At Defendant's sentencing hearing, the court stated:

> I do not believe that this is an appropriate case for departure. . . . I note that in tax cases deterrence is a very important aspect, and I also note that, . . . Ms. Akaoula did abuse a small group of people who–and I watched them testify–appeared very naive, quite trusting, and she truly abused her position of trust. For that reason I am not going to depart.

6

The district court did not base its decision to deny a downward departure on a lack of authority to depart. Rather, the court examined the particular circumstances before it and determined that no departure was in order. Accordingly, we have no jurisdiction to review the district court's refusal to depart downward in this case.

AFFIRMED IN PART; DISMISSED IN PART.

Entered for the Court,


Bobby R. Baldock
Circuit Judge