NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0606n.06

No. 18-6297

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Dec 10, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CHAVON DAVIS, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, WHITE, and MURPHY, Circuit Judges.

PER CURIAM. Chavon Davis appeals the district court's denial of his motion to suppress and its denial of his requested jury instruction. As set forth below, we **AFFIRM** the district court's judgment.

Davis purchased firearms from licensed firearms dealers, indicating on forms that he was the actual buyer when he was acquiring the firearms for other persons. Upon the execution of search warrants at his residence, law enforcement interviewed Davis, who made admissions about his firearms purchases. Davis was subsequently charged with making false statements in connection with his firearms purchases. Davis filed a motion to suppress the statements that he made to law enforcement, which the district court denied after an evidentiary hearing.

A federal grand jury later returned a superseding indictment charging Davis with two counts of knowingly making, in connection with the acquisition of a firearm from a licensed firearms dealer, a false and fictitious written statement intended or likely to deceive such dealer

with respect to a fact material to the lawfulness of the sale of such firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and two counts of knowingly making a false statement or representation with respect to information required to be kept in a licensed firearms dealer's records, in violation of 18 U.S.C. § 924(a)(1)(A). Davis proceeded to trial and was convicted on all four counts. The district court sentenced Davis to twenty-four months of imprisonment followed by two years of supervised release. This timely appeal followed.

Davis first argues that the district court erred in failing to suppress statements made during his interrogation. In reviewing the district court's denial of Davis's motion to suppress, we review factual findings for clear error considering the evidence in the light most favorable to the government; we review legal conclusions de novo. *United States v. Vreeland*, 684 F.3d 653, 658 (6th Cir. 2012).

Davis contends that, by failing to inform him that he was being investigated for making false statements to licensed firearms dealers, law enforcement failed to fully and appropriately advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Regardless of whether Davis was "in custody" at the time of his questioning, *see Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam) ("*Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'"), law enforcement adequately informed him of his rights under *Miranda*. Prior to questioning Davis, the officers twice advised him of his *Miranda* rights—once by memory and again from a written card. Contrary to Davis's argument, *Miranda* does not require law enforcement to explain the nature of the crimes under investigation. *See Miranda*, 384 U.S. at 479 (summarizing warnings).

"Even when proper *Miranda* warnings are given, a suspect's subsequent statements may be suppressed if the suspect's waiver of *Miranda* rights was not made 'voluntarily, knowingly and

intelligently.'" *United States v. Crumpton*, 824 F.3d 593, 606 (6th Cir. 2016) (quoting *Miranda*, 384 U.S. at 444). Whether a suspect validly waived his *Miranda* rights involves "two distinct dimensions":

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

*Moran v. Burbine*, 475 U.S. 412, 421 (1986). Davis argues that, by failing to inform him of the charges under investigation, law enforcement used "trickery or deception" to persuade him to waive his privilege under the Fifth Amendment. But the Supreme Court "has never held that mere silence by law enforcement officials as to the subject matter of an interrogation is 'trickery' sufficient to invalidate a suspect's waiver of *Miranda* rights." *Colorado v. Spring*, 479 U.S. 564, 576 (1987). The Supreme Court has instead held that "a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege." *Id.* at 577. In any event, the agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives testified that he discussed the search warrants with Davis and told him that the warrants were "related to his activities in firearms." (R. 59, PageID 265). The record does not reflect that Davis was misled about the investigation or that his waiver of *Miranda* rights was otherwise invalid. Accordingly, the district court properly denied Davis's motion to suppress his statements to law enforcement.

Davis next argues that the district court erred in refusing to give his requested jury instruction defining the word "knowingly." We review the district court's rejection of a proposed jury instruction for abuse of discretion. *United States v. Hart*, 635 F.3d 850, 854 (6th Cir. 2011).

We "examine 'the jury charge as a whole to determine whether it fairly and adequately submits the issues and the law to the jury.'" *United States v. Harris*, 881 F.3d 945, 952 (6th Cir. 2018) (quoting *United States v. Newcomb*, 6 F.3d 1129, 1132 (6th Cir. 1993)). "A trial court's refusal to give a requested jury instruction is reversible error only if the instruction is (1) correct, (2) not substantially covered by the actual jury charge, and (3) so important that failure to give it substantially impairs [the] defendant's defense." *United States v. Heath*, 525 F.3d 451, 456 (6th Cir. 2008) (quoting *United States v. Sassak*, 881 F.2d 276, 279 (6th Cir. 1989)).

Davis asked the district court to give the following instruction from *United States v. Kisting*, 159 F. App'x 726, 728 (7th Cir. 2005):

> When the word "knowingly" is used, it means that the defendant realized what he was doing and was aware of the nature of his conduct and did not act through ignorance, mistake, or accident. Knowledge may be proved by the defendant's conduct and by all the facts and circumstances surrounding the case.

(R. 96, PageID 1018). Davis asserts that a person can be aware of his physical acts—such as checking a box on a form—but not know that his acts violate the law. But Davis's proposed instruction does not support this proposition. In any event, "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense," not knowledge of the illegality of the defendant's conduct. *Bryan v. United States*, 524 U.S. 184, 193 (1998) (footnote omitted). Because the text of the relevant statutes does not dictate a different result, the district court appropriately instructed the jury that the government had to prove that Davis knew that the challenged statements he made were false, rather than prove that Davis knew his conduct was illegal. *See* 18 U.S.C. §§ 922(a)(6), 924(a)(1)(a).

Instead of giving the instruction requested by Davis, the district court instructed the jury that "[t]he term 'knowingly' means that the acts were done voluntarily and intentionally, not because of mistake or accident." (R. 96, PageID 1037). The district court also instructed the jury:

"[A] defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind." (*Id.* PageID 1030). Because the actual jury charge substantially covered Davis's requested instruction, the district court did not reversibly err.

For these reasons, we **AFFIRM** the district court's judgment.