NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0118n.06

Case Nos. 20-3164/3165

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Mar 05, 2021 |
| Plaintiff - Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| DESHAUN JONES, | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| Defendant - Appellant. | ) | |
| | ) | |

BEFORE: GIBBONS, WHITE, and THAPAR, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. DeShaun Jones appeals his conviction for being a felon in possession of a firearm as well as his sentence for violating the terms of his supervised release for a previous firearms conviction. Jones argues that the district court erred by refusing to give a jury instruction on voluntary intoxication. Jones also argues that he should be resentenced for the supervised release violation because the district court relied on his firearms conviction when determining the supervised release sentence. We affirm Jones's conviction because he was not entitled to an instruction on voluntary intoxication. We also affirm his sentence for violating the terms of his supervised release because the district court permissibly relied on his firearms conviction.

I.

On October 1, 2018, four officers from the Akron Police Department, Preston Arroyo, Brett Talcott, Trumaine Riley, and Kyle Walter, responded to multiple 911 calls that a man with a gun

had fired shots at a residence. When the officers arrived, Jones was standing and yelling in the middle of the street with no clothes on. Riley testified that Jones shouted that he would kill whoever had called the police. The officers ordered Jones to lie down on the ground and he complied. Jones's clothes lay in a pile in a nearby driveway. Jones stated that he had a gun, and the officers began to search for it. The officers took Jones to a nearby house where Jones indicated the firearm might be located, and Talcott found the firearm in a bush. The officers identified the firearm presented at trial as the firearm that Talcott had found in the bush. Talcott stated that he saw an empty shell casing when Jones kicked it in the driveway. The gun had a bullet in the chamber as well as six rounds in the magazine. The firearm was later determined to have been stolen from Canton, Ohio.

Talcott knocked on the door of the residence where the initial 911 call had come from and where the police had found the gun in the yard, which belonged to Jones's aunt, Yvonne West. The occupants told Talcott that a man had shot at their house. Talcott was permitted to enter, and he observed a broken window with broken glass below it as well as bullet holes. The police also interviewed a man who lived directly across the street, Sherman Flakes, who said he looked out his door when he heard gun shots. Flakes testified that he observed Jones jumping the fence at West's home and that Jones then charged at Flakes's door while screaming that no one should call the police. Jones punched and broke Flakes's window and front door, causing Flakes to retrieve his own firearm. Jones retreated from Flakes's front porch and began removing his clothes, continuing to yell that no one should call the police.

Riley and Walter took Jones to the hospital for evaluation before transporting him to jail. Hospital medical records indicate that Jones was "very cooperative," had "stable" vital signs, and was "in no acute distress." DE 54, Trial Tr., McCausland, Page ID 580. Although Jones stated

that he had consumed ecstasy, marijuana, and alcohol, the toxicology report showed that Jones did not have any drugs or alcohol in his system.

Jones was charged in a single-count indictment with unlawfully possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Jones was later charged in a superseding indictment that updated the list of his previous felony convictions, including cocaine possession in 1999, assault in 2005, cocaine and heroin trafficking in 2006, and being a felon in possession of a firearm in 2009. After initially pleading guilty, Jones withdrew his plea, entered a plea of not guilty, and proceeded to trial.

Jones requested a jury instruction on voluntary intoxication. The government objected, arguing that an intoxication instruction is applicable only to specific intent crimes and did not apply to violations of 18 U.S.C. § 922(g), as a general intent crime. The district court agreed and rejected Jones's proposed instruction. The district court instructed the jury on actual and constructive possession of a firearm. The jury found Jones guilty.

Based on Jones's criminal history and offense enhancements, the district court calculated the sentencing guidelines range as 151 to 188 months, with a statutory maximum of 120 months. After considering the relevant factors, the court sentenced Jones to the maximum 120 months' imprisonment. The district court also sentenced Jones for his violation of the terms of his supervised release for his 2009 firearms conviction. A condition of release was that Jones not violate any other laws. The presentence report indicated three supervised release violations, including Jones's recent conviction for firearm possession, which Jones did not contest. The district court calculated the guidelines range as 21 to 24 months and sentenced him to 21 months, to run consecutively with his firearms conviction. Jones did not object to either the guidelines

calculation or the sentence. Jones now appeals his firearms conviction and supervised release sentence.

## II.

Jones argues that the district court erred by failing to give his requested jury instruction of voluntary intoxication. He claims that the theory of constructive possession of a firearm requires the government to prove specific intent, which may be negated by proof of his intoxication. Without the requested instruction, Jones argues that the jury instructions were "prejudicial" because they "relieved the government of its burden to prove the requisite *mens rea* attendant to the offense." CA6 R. 23, Appellant's Br., at 13.

"We review challenges to jury instructions under the abuse-of-discretion standard." *United States v. Williams*, 612 F.3d 500, 506 (6th Cir. 2010). "A trial court's refusal to give a requested jury instruction is reversible error only if the instruction is (1) correct, (2) not substantially covered by the actual jury charge, and (3) so important that failure to give it substantially impairs defendant's defense." *United States v. Heath*, 525 F.3d 451, 456 (6th Cir. 2008) (quoting *United States v. Sassak*, 881 F.2d 276, 279 (6th Cir. 1989)). Therefore, we will reverse a judgment based upon an improper jury instruction "only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *United States v. Kuehne*, 547 F.3d 667, 679 (6th Cir. 2008) (quoting *United States v. Harrod*, 168 F.3d 887, 892 (6th Cir. 1999)). "Ordinarily, we will not reverse on the basis of an erroneous jury instruction if the error was harmless." *United States v. Frederick*, 406 F.3d 754, 761 (6th Cir. 2005).

We have decided that voluntary intoxication is not a defense to actual possession of a firearm. *United States v. Bennett*, 975 F.2d 305, 308 (6th Cir. 1992), *abrogated on other grounds by United States v. Jackson-Randolph*, 282 F.3d 369 (6th Cir. 2002); *see also United States v.*

*Bailey*, 553 F.3d 940, 944 (6th Cir. 2009) (defining actual possession as "knowingly ha[ving] direct physical control over a thing at a given time" (quoting *Frederick*, 406 F.3d at 765)).  We have not specifically decided whether intoxication is a defense to a § 922(g) charge under a theory of constructive possession, which requires proof of a specific "intention at a given time to exercise dominion and control."  *United States v. Newsom*, 452 F.3d 593, 606 (6th Cir. 2006) (quoting *United States v. Hadley*, 431 F.3d 484, 507 (6th Cir. 2005)).  We have held in other contexts that voluntary intoxication can negate specific intent.  *See United States v. Veach*, 455 F.3d 628, 631 (6th Cir. 2006).  Putting *Veach* and *Newsom* together implies that voluntary intoxication could be a defense for a defendant charged with constructively possessing a firearm as a felon.  But we need not decide that issue today, because there was ample evidence that Jones actually possessed the firearm at issue, and there was no evidence that he was intoxicated.

Actual possession may be proved with circumstantial evidence.  *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977).  There was plenty here.  Police responded to several 911 calls that a person was shooting at a residence.  After taking Jones into custody, Jones indicated that he had hidden the firearm in a bush, which the police quickly recovered.  The police found a spent shell casing in the driveway and a bullet hole and broken glass in the house.  Flakes, the neighbor, stated that he heard gun shots and witnessed Jones jumping over the fence at the house across the street— where the gun, bullet hole, and glass were found—before Jones rushed at him screaming that he should not contact the police.  Jones did not ask Flakes any questions at trial and Jones introduced no evidence in his defense.  On this record, "any rational trier of fact reasonably could infer" that Jones "had been in possession of the gun that was recovered by the police."  *United States v. Arnold*, 486 F.3d 177, 181 (6th Cir. 2007) (*en banc*) (internal citations omitted).  "[W]e cannot

overturn the jury's decision merely because it had to draw reasonable inferences to find [Jones] guilty." *Id.*

Jones argues that it was improper to instruct the jury on actual possession because he "at no time had actual possession of the firearm during his encounter with the officers." CA6 R. 23, Appellant's Br., at 11. But there is no requirement that the police must themselves witness the defendant holding the gun to proceed with an actual possession theory. *Arnold*, 486 F.3d at 183. In *Arnold*, we held that "the government proved that [the defendant] actually possessed the handgun . . . based on evidence that the victim saw him threaten her with a handgun minutes before the police discovered a handgun under [his] car seat, one that met the description the victim gave of the gun." *Id.* Here, West stated that a man fired a gun into her house. Flakes observed Jones running from the house screaming that Flakes should not call the police. And minutes later, officers discovered the gun and shell casing where Jones indicated they were located. Ample circumstantial evidence supports a conviction for actual possession of a firearm.

Because voluntary intoxication is not a defense to actual possession, the district court properly denied Jones's proposed instruction. *Bennett*, 975 F.2d at 308. But even if intoxication were a defense, Jones introduced no evidence that he was intoxicated at the time of the incident. While Jones told the hospital that he had used marijuana, alcohol, and ecstasy, he was described as "alert, oriented, and cooperative." DE 54, Trial Tr., McCausland, Page ID 580–81. And the toxicology results, taken immediately after Jones was arrested, showed that he did not have any drugs or alcohol in his system. The district court may not give a jury instruction that "lacks evidentiary support or is based on speculation." *United States v. Morgan*, 216 F.3d 557, 566 (6th Cir. 2000). An instruction on intoxication would have been inappropriate here. Accordingly, the district court did not abuse its discretion.

III.

Jones argues that because the district court considered his felon in possession conviction "as a significant factor in imposing consecutive sentences," he should be resentenced on the supervised release violations or be allowed to withdraw his admission to them if the firearms conviction is reversed. CA6 R. 23, Appellant's Br., at 14. Jones does not appear to contest his sentence on the supervised release violations on any other grounds, stating only that "it is impossible to discern whether his sentence is procedurally and substantively reasonable given that much of the rationale for his sentence on the supervised release violation is interdependent with the new law violation." *Id*. at 16.

To revoke supervised release, the district court must find by a preponderance of the evidence that a defendant violated a condition of his release. 18 U.S.C. § 3583(e)(3); *United States v. Boothe*, 335 F.3d 522, 527 (6th Cir. 2003). "We review a district court's decision to revoke supervised release for abuse of discretion." *United States v. Kontrol*, 554 F.3d 1089, 1091 (6th Cir. 2009). Here, Jones was convicted of unlawfully possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which violated a condition of his release that he break no other laws. That criminal conviction was more than sufficient to allow the district court to conclude that Jones had violated a condition of his release, and it was permissible for the district court to consider it, as well as Jones's history of firearms violations, in sentencing Jones to 21 months' imprisonment for violating the terms of his release. The district court committed no error.

IV.

For the reasons stated, we affirm Jones's conviction for being a felon in possession of a firearm and sentence for violating the conditions of his supervised release.